Carlos **FANFAN**

v.

**BERWIND CORPORATION.**

Civ. A. No. 72–2001.

United States District Court,
E. D. Pennsylvania.

Aug. 17, 1973.

Paul M. Goldstein and William Goldstein, Philadelphia, Pa., for plaintiffs.

H. Wallace Roberts, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM

BRODERICK, District Judge.

This is an action based on the Jones Act and the law of unseaworthiness which is before the Court on the defendant's motion to dismiss and/or for summary judgment. The issue before the Court is whether a Puerto Rico seaman injured in the territorial waters of Puerto Rico while working for a Puerto Rico corporate employer insured pursuant to the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq., can pierce the corporate veil of his Puerto Rico employer and recover against the parent corporation of his employer for the alleged Jones Act negligence and unseaworthiness of a tug owned and operated by its Puerto Rico subsidiary.

Both parties have filed affidavits and briefs in support of their respective positions on the motion. Since matters outside the pleadings were presented to the Court, we will treat the motion as one for summary judgment. See Rule 12(b), Federal Rules of Civil Procedure; Kauffman v. Moss, 420 F.2d 1270 (3rd Cir.1970), cert. den. 400 U.S. 846, 91 S. Ct. 93, 27 L.Ed.2d 84.

The material facts, as to which there is no genuine issue, are as follows:

Plaintiff, Carlos Fanfan (Fanfan), a native-born resident and citizen of Puerto Rico, is by profession an American Merchant seaman. Fanfan has sued the defendant, Berwind Corporation (Berwind), the sole shareholder of Fanfan's employer, Puerto Rico Lighterage Company (Lighterage), for the alleged Jones Act negligence and the alleged unseaworthiness of the Tug El Morro, arising out of an accident on November 22, 1971 in San Juan, Puerto Rico, while the tug was at dockside. At the time of the alleged accident, Fanfan was an employee of Lighterage, which owned and operated the Tug El Morro. Berwind is a Pennsylvania corporation with its principal place of business in Pennsylvania. Lighterage, which does not do business in the State of Pennsylvania, is an insured employer under the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq., and is subject to suit in the Courts of Puerto Rico as well as the United States District Court for the District of Puerto Rico. The presi-

dent, corporate officers and personnel of Lighterage are all residents of Puerto Rico. Berwind's registered Service Mark, a square and a circle above the name "BERWIND," is similar to the logo employed by Lighterage on its ships and equipment. The stationery of Lighterage, in small type, contains a notation that it is a subsidiary of Berwind.

The bases for Berwind's motion are that Berwind is not liable for the Jones Act negligence and unseaworthiness of the Tug owned and operated by its subsidiary, Lighterage, and that Fanfan's sole remedy is against his immediate employer, Lighterage, pursuant to the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq. Berwind relies on Fonseca v. Prann, 282 F.2d 153 (1st Cir.1960), cert. den. 365 U.S. 860, 81 S.Ct. 826, 5 L.Ed.2d 822 (1961). Fanfan claims that the decision of the First Circuit in *Fonseca, supra,* is incorrect on the ground that Puerto Rico seamen have the same rights as all other seamen under the Jones Act and the law of unseaworthiness. In addition, Fanfan claims that he is entitled to maintain an action against Berwind as the alleged real owner of the vessel, relying on Hellenic Lines v. Rhoditus, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and Armit v. Loveland, 115 F.2d 308 (3d Cir.1940).

 This Court had been presented with no reason which persuades it to differ with the decision of the First Circuit in Fonseca v. Prann, *supra.* A Puerto Rico seaman injured in the territorial waters of Puerto Rico while working for an employer insured pursuant to the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq., cannot sue his employer under the Jones Act or under the law of unseaworthiness. Fonseca v. Prann, *supra.* Therefore, Fanfan's exclusive remedy against Lighterage for the alleged accident within the territorial waters of

Puerto Rico is the Puerto Rico Workmen's Accident Compensation Act, 11 L. P.R.A. § 1 et seq.

The only issue remaining for decision is whether this Court should pierce the corporate veil of Lighterage, an insured employer under the Puerto Rico Workmen's Accident Compensation Law, 11 L.P.R.A. § 1 et seq., and hold Berwind, the parent company which is uninsured under the Puerto Rico statute, liable for the Jones Act negligence and the unseaworthiness of a tug owned and operated by its wholly-owned subsidiary, which allegedly caused injury to a Puerto Rico seaman within the territorial waters of Puerto Rico.

 As a general rule, a parent corporation is not liable for the acts of its subsidiary unless the subsidiary is a mere instrumentality of the parent. Steven v. Roscoe Turner Aeronautical Corporation, 324 F.2d 157, 160 (7th Cir.1963). The "mere instrumentality" rule was applied by this Court in Whayne v. Transportation Management Service, 252 F.Supp. 573 (1966), aff'd 397 F.2d 287, cert. den. 393 U.S. 978, 89 S.Ct. 445, 21 L.Ed.2d 438. In that case, a cook aboard a tug injured in a collision while in the employ of M. V. Shutter, Inc., the owner of the tug, attempted to recover from the parent corporation, Transportation Management Service, for the Jones Act negligence and unseaworthiness of the tug. Judge Van Dusen (now Circuit Judge) enumerated three elements that the plaintiff must prove to recover against a parent corporation under the "mere instrumentality" test:

(1) that the parent controls the subsidiary to such a degree that the subsidiary is a mere instrumentality;

(2) that the parent is perpetrating a fraud or wrong through its subsidiary (e. g., torts, violation of a statute, or stripping the subsidiary of its assets); and

(3) an injust loss or injury to the claimant, such as insolvency of the subsidiary. *Id.* at 577.

The Court in *Whayne* also indicated that ordinarily common directors and officers and stock control are prerequisites for the application of the "mere instrumentality" rule. *Id.* This Court agrees with the law as clearly enunciated in *Whayne* and considers its reasoning applicable to the instant case. Assuming that all of the prerequisites for the application of the "mere instrumentality" test are here present, Fanfan has failed to produce any evidence (1) that the parent controls the subsidiary to such a degree that the subsidiary is a mere instrumentality, or (2) that the parent is perpetuating a fraud or wrong through its subsidiary, or (3) that an injust loss or injury has been suffered by the claimant. Rule 56(d), Federal Rules of Civil Procedure, requires a party opposing a motion for summary judgment supported by affidavits to set forth specific facts showing that there is a genuine issue for trial. The only specific facts which Fanfan has presented concern solely the use of a similar corporate symbol by Berwind and Lighterage, and other Berwind subsidiaries. Fanfan has, therefore, failed to set forth any specific facts which show any control by Berwind over Lighterage, other than the ownership of the stock, which alone is insufficient to invoke the liability of the parent corporation. Fitzgerald v. Hilton Hotels Corp., 183 F.Supp. 342 (E.D. Pa.1960). Fanfan has failed to establish any of the three elements necessary to a finding that Lighterage is a mere instrumentality of Berwind.

Fanfan's reliance on Hellenic Lines Ltd. v. Rhoditus, *supra*, Lauritzen v. Larsen, *supra*, and Armit v. Loveland, *supra*, to establish liability against Berwind is misplaced. In *Lauritzen*, the Supreme Court was asked to determine whether a Danish seaman who joined the crew of a Danish ship in New York could maintain an action under the Jones Act, 46 U.S.C. § 688, for an accident aboard ship in Havana harbor. Since the Jones Act itself contained no standards for determining its applicability to foreign shipping, the Supreme Court applied general maritime principles and announced seven factors to be used in determining whether an injured seaman could avail himself of Jones Act relief against his employer: (1) the place of the wrongful act, (2) the law of the flag, (3) the allegiance or domicile of the injured seaman, (4) the allegiance of the shipowner, (5) the place of contract, (6) the accessibility of the foreign forum, and (7) the law of the forum. After weighing the factors, the Court concluded that the Jones Act did not apply in that particular factual situation. In Hellenic Lines Ltd. v. Rhoditus, *supra*, the Supreme Court merely applied the factors enumerated in *Lauritzen* to find that a Greek corporation that maintained its largest office in New York, which was more than 95% owned by a Greek national domiciled in the United States, was a Jones Act employer for the purposes of a suit by the plaintiff, a Greek national domiciled in the United States, for an injury occurring in the Port of New Orleans. Fanfan's attempt to pierce the corporate veil of Lighterage and recover against Berwind is predicated on the action taken by the Supreme Court in *Rhoditus*, where the Court "pierced" the ship's Greek flag to discover that the Greek corporation that owned the ship had its largest place of business in New York and that 95% of the stock in the Greek corporation was owned by an American domiciliary. In the instant case, there is no choice of law problem similar to that in *Rhoditus* and *Lauritzen*, and no need for the Court to pierce the corporate veil of Lighterage, particularly since Congress authorized the legislature of Puerto Rico to enact legislation inconsistent with the Jones Act and general maritime law for application to the territorial waters of Puerto Rico. See 48 U.S.C.A. § 731 et seq.; Fonseca v. Prann, *supra*, 282 F.2d at 157. The Legislature of Puerto Rico exercised the power granted to it by Congress in enacting the Workmen's Accident Compensation Act, which by its terms "shall be the only remedy against the employer,"

11 L.P.R.A. § 21, Fonseca v. Prann, *supra*. Even if the *Rhoditus* and *Lauritzen* holdings were to be applied in the instant case, they could only be utilized to attempt to hold Lighterage liable under the Jones Act, based upon its ownership by the American parent, Berwind. We, therefore, find no reason to apply the factors as announced in *Lauritzen* and applied in *Rhoditus* to determine the applicability of the Jones Act to this accident, which occurred within the territorial waters of Puerto Rico.

On the admitted material facts of the instant case, it cannot be said that Berwind is liable for the alleged Jones Act negligence and unseaworthiness of the Tug El Morro for registering the tug in Puerto Rico as a mere registry of convenience to avoid its Jones Act obligations, since the tug has more contacts there than with any other port and Lighterage is subject to the potential Jones Act liability for acts occurring outside the territorial waters of Puerto Rico. The fact that Lighterage is a wholly-owned subsidiary of an American corporation which utilizes a similar corporate symbol does not transform Berwind into Fanfan's employer.

Furthermore, the decision of the Third Circuit in Armit v. Loveland, 115 F.2d 308 (1940), is of no avail to Fanfan. In that case our Circuit Court held that where two or more persons so scramble their relations as to render it difficult for a seaman to determine whether he is employed by one or all of them, for purposes of the Jones Act, a verdict against all of them is warranted. *Id.* at 314. In this case, Fanfan did not set forth any specific facts which would support the conclusion that Berwind and Lighterage have so scrambled their relations as to render it difficult for him to discover the identity of his employer.

The Court, therefore, concludes that the defendant has demonstrated that there is no genuine issue as to any material fact and that the defendant Berwind is not liable to Fanfan as a matter of law.