TERRY L. PEELE, PLAINTIFF v. PROVIDENT MUTUAL LIFE INSURANCE COMPANY, WATAUGA COUNTY, NORTH CAROLINA, JAMES C. LYONS, INDIVIDUALLY AND AS SHERIFF OF WATAUGA COUNTY, NORTH CAROLINA, JAY L. TEAMS, DAVID TRIPLETT, CARL FIDLER, BEN STRICKLAND, AND LARRY STANBERY, ALL DULY ELECTED COMMISSIONERS OF WATAUGA COUNTY, NORTH CAROLINA, DEFENDANTS

No. 8724SC949

(Filed 7 June 1988)

1. **Sheriffs and Constables § 1; Master and Servant § 10.2— sheriff's dispatcher— action for wrongful discharge—12(b)(6) dismissal as to county commissioners and county**

The trial court did not err in a wrongful discharge action by granting defendant county and county commissioners' motions for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) where it was clear that plaintiff was an employee of the sheriff and not of the county and its board of commissioners.

The only authority vested in the board is in determining the number of employees the sheriff can hire and the ability to approve the appointment of a relative or a person convicted of a crime involving moral turpitude. N.C.G.S. § 153A-103.

**2. Sheriffs and Constables § 1; Master and Servant § 10.2— sheriff's dispatcher— wrongful discharge—summary judgment for sheriff**

The trial court did not err by granting defendant sheriff's motion for summary judgment in a wrongful discharge action by a dispatcher where there was nothing in the record to suggest that plaintiff had a contract for a definite term and plaintiff was thus terminable at will; the discharge did not violate plaintiff's constitutional rights because a person with a terminable at will contract has no property interest in employment; and the discharge was within the sheriff's scope of authority under N.C.G.S. § 153A-103.

APPEAL by plaintiff from *Griffin, Kenneth A., Judge.* Orders entered 13 June 1987. Heard in the Court of Appeals 2 March 1988.

*Randal S. Marsh for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and James R. Morgan, Jr., for defendants-appellees.*

JOHNSON, Judge.

On 28 May 1984, plaintiff Terry L. Peele was hired by the defendant, Sheriff James C. Lyons, as a dispatcher with the Watauga County Sheriff's Department.

On 14 January 1985, plaintiff received a performance evaluation completed by her supervisor, Sergeant Joe Moody, in which she was rated deficient in three of five categories. On 28 January 1985, plaintiff was fired by Sheriff Lyons without personally having been given prior notice that she was going to be fired.

On 20 January 1987, plaintiff filed summons and complaint, alleging that defendants Provident Mutual Life Insurance Company, Watauga County, Sheriff James C. Lyons, and County Commissioners James L. Teams, David Triplett, Carl Fidler, Ben Strickland, and Larry Stanbery were liable for damages arising out of plaintiff's discharge from employment. On 5 February 1987, defendant Lyons filed his answer. Also, defendant Watauga County and each County Commissioner made motions to dismiss the complaint per G.S. 1A-1, Rule 12(b)(6) for failure to state a claim for which relief may be granted. On or about 30 March 1987,

Provident filed its answer. Also, defendant Lyons filed a motion for summary judgment per G.S. 1A-1, Rule 56.

On 13 June 1987, Judge Griffin entered orders granting defendant Lyons' motion for summary judgment along with the individual County Commissioners' and Watauga County's motions to dismiss. Plaintiff appealed. On 14 September 1987, plaintiff gave notice of voluntary dismissal as to the remaining defendant Provident Mutual.

Plaintiff brings forth two Assignments of Error for this Court's review. For the following reasons, we affirm the orders of the trial court.

[1] In order to withstand a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must make allegations sufficient to satisfy the substantive elements of at least some recognized claim. *Hewes v. Johnston*, 61 N.C. App. 603, 301 S.E. 2d 120 (1983). In considering the motion, the allegations contained within the complaint must be treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970) (emphasis in original).

Plaintiff argues that even though she was hired by the sheriff, she remained the employee of Watauga County and thus all the protections and privileges provided by the Board of Commissioners to other county employees should have been afforded her unless a health, safety, morals, or public welfare consideration existed necessitating their exclusion. Furthermore, she alleges that by exempting her from the provisions of the ordinance, defendants subjected her to invidious discrimination and denial of equal protection.

We cannot agree. Plaintiff's esoteric analysis of the issue is misplaced. It is clear to this Court that plaintiff was an employee of the sheriff and not Watauga County and its Board of Commissioners. N.C.G.S. sec. 153A-103(a) states:

Subject to the limitations set forth below, the board of commissioners may fix the *number* of salaried employees in the offices of the sheriff. . . . In exercising the authority granted by this section, the board of commissioners is subject to the following limitations:

(1) *Each sheriff . . . has the exclusive right· to hire, discharge and supervise the employees in his office.* However, the board of commissioners must approve the appointment by such an officer of a relative by blood or marriage of nearer kinship than first cousin or of a person who has been convicted of a crime involving moral turpitude. (Emphasis added.)

This statute gives every indication that the control of the employees hired by the sheriff is vested exclusively in the sheriff. Furthermore, "under state law the sheriff has the exclusive right to fire any deputy [or employee] in his office." *Joyner v. Lancaster*, 553 F. Supp. 809, 816 (M.D.N.C. 1982). The only authority vested in the board is in determining the number of employees the sheriff can hire and the ability to approve the appointment of a relative or a person convicted of a crime involving moral turpitude. In all other aspects, the individual person is an employee of the sheriff, de facto or de jure. Thus, any claim that the County or Board of Commissioners is the employer of plaintiff is unsupported by the facts in the case *sub judice*. Consequently, since plaintiff was not an "employee" of Watauga County or its Board of Commissioners, the trial court properly dismissed plaintiff's complaint as to the parties for failure to state a claim upon which relief may be granted.

[2] In plaintiff's second Assignment of Error, she contends that the court erred in granting defendant Sheriff James C. Lyons' motion for summary judgment.

On motions for summary judgment, the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, must show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Stanley v. Walker*, 55 N.C. App. 377, 285 S.E. 2d 297 (1982). The moving party has the burden of establishing the absence of any triable issue of fact. *Brenner v. Little Red Schoolhouse, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981).

Plaintiff argues that defendant Lyons, in discharging her, denied her the protection of the provisions of Article I, sec. 1, and the equal protection and law of the land provisions in Article I, sec. 19 of the North Carolina Constitution. Again, we find this argument to be meritless.

There is nothing in the record which suggests that plaintiff had a contract for a definite term. It is well established in this State that a contract of employment for an indefinite term is terminable at the will of either party, irrespective of the quality of performance. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971). Furthermore, G.S. 153A-103 gives the sheriff the exclusive right to fire his employees. Despite this, plaintiff asserts that her discharge violated her right to due process. A protected property interest arises when one has a legitimate claim of entitlement as decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed. 2d 684 (1976).

A person who has a contract which is terminable at will can have no property interest in employment. Such a contract does not give that person a legitimate claim of entitlement under the due process clause. Thus, we find that Sheriff Lyons' discharge of the plaintiff did not violate her constitutional rights, for it was within the scope of his authority pursuant to G.S. 153A-103 and furthermore, plaintiff's status as an employee at will also justified her discharge with or without cause for the reasons stated above.

Accordingly, for all the aforementioned reasons, the orders of the trial court are

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.