**Samuel Wayne GUY, Plaintiff,**

v.

**Ottis F. JONES and John Doe Ford, Defendants.**

**No. 87–409–CRT–BR.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Oct. 3, 1990.

---

**316**

Richard E. Giroux, Judith Neaf and Jack Holtzman, North Carolina Prisoner Legal Services, Raleigh, N.C., for plaintiff.

George J. Franks, Legal Advisor for the Cumberland County Sheriff's Dept., Fayetteville, N.C., for defendants.

G.B. Johnson, Fayetteville, N.C., for County of Cumberland, N.C.

## ORDER

BRITT, Chief Judge.

On 10 May 1990 Cumberland County filed a motion to intervene in this action, for the purpose of filing a motion to dismiss, and a motion to dismiss. The matter was referred to Magistrate Alexander B. Denson for his consideration. On 21 August 1990 he filed his order and memorandum, copy of which is attached hereto, in which he allowed the motion to intervene for the limited purpose of moving to dismiss and recommended that the court deny the motion to dismiss. Cumberland County has appealed and taken exceptions to that order and recommendation.

The order and recommendation of Magistrate Denson are adopted by the court as its own. The order allowing the motion to intervene is affirmed, and the court accepts the recommendation that the motion to dismiss be denied.

## ORDER AND MEMORANDUM AND RECOMMENDATION

ALEXANDER B. DENSON, United States Magistrate.

THIS CAUSE is now before the court on the motions of Cumberland County to intervene and to dismiss. For the reasons explained herein, the motion to intervene is allowed and it is recommended that the motion to dismiss be denied.

Although at first glance it would appear peculiar for an entity to move to intervene merely in order to file a motion to dismiss, in this instance those motions are not oxymoronic. The motion to intervene is to give Cumberland County standing to file the motion to dismiss. Intervenor seeks dismissal of the entire action on the theory that proceedings in the case have determined it to be an official-capacity action against its employees which is an action against Cumberland County, that Cumberland County has never been served, and therefore the court has no *in personam* jurisdiction over Cumberland County and, moreover, the Statute of Limitations has run so that it cannot now be sued in this matter.

Plaintiff responds that the real party in interest in an official-capacity action is the named defendant's employer and that in this case, the employer is not Cumberland County, but the office of Sheriff of Cumberland County. Alternatively, plaintiff argues that service on the Sheriff is service on the County so that the action is proper as to it.

Replying, intervenor insists that an action against the Sheriff is an action against the County but that service of process against the Sheriff does not constitute service as to the County. Thus, it argues, if this action is allowed to continue, it exposes the County to potential liability without giving it an opportunity to defend.

 A defendant sued in his official capacity is a different "legal personage" than one sued in his individual, or personal, capacity. *Karcher v. May,* 484 U.S. 72, 78, 108 S.Ct. 388, 393, 98 L.Ed.2d 327 (1987). An action against an official in his official capacity is not an action against the person, but is rather an action against the entity of which he is an agent. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035,

n. 55, 56 L.Ed.2d 611 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985). A judgment obtained in an official-capacity action is satisfiable only from the assets of the agency and not from the assets of the individual official. *Id.; Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

 The determination of whether an official is being sued in his official capacity or in his individual capacity, or both, is made by considering the relief sought and the nature of the proceedings as a whole. *Bender v. Williamsport Area School District*, 475 U.S. 534, 543, 106 S.Ct. 1326, 1332, 89 L.Ed.2d 501 (1986); *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). It is a fair, though not literal, reading of those and other cases that the capacity should flow from the involvement of the employment on the official's actions. If he was moved by the policy or custom of the employer to take the action, he was acting in his official capacity. On the other hand, if he was moved from some personal motive, such as profit or anger, and the employment merely provided an opportunity for him to satisfy that personal motive, then he was acting in his individual, or personal, capacity.

In this case, plaintiff complained that he was incarcerated for a protracted period of time without outdoor exercise. His *pro se* complaint was against "Ottis F. Jones, Sheriff of Cumberland County and Captain John Doe Ford[1], Chief Jailer for Cumberland County Jail." As the proceedings developed, it was clear that there was no contention from any party that either the Sheriff or Chief Jailer had deprived plaintiff of outdoor exercise for any personal motive, but rather because of limitations imposed by the jail facilities and what activities could be allowed within them. It was obviously a matter of policy as to the type of jail to build and what inmate activities it could accomodate and whether to make some other place available for long-term inmates or otherwise to meet needs that might arise from their status.

It became apparent, therefore, that this was an official-capacity lawsuit and the undersigned made that observation in a Memorandum and Recommendation filed January 12, 1990, (*See* p. 2, fn. 3), and, upon motion for reconsideration, repeated it in a second Memorandum and Recommendation filed March 16, 1990. This court adopted that position in an Order dated April 10, 1990 by Judge W. Earl Britt.

As pointed out above, an official-capacity lawsuit is merely another method of suing the employer, who is the real party in interest. The parties differ as to whether the employer here was the Office of Cumberland County Sheriff or Cumberland County. In support of its motion to intervene, Cumberland County argues that the County is the employer, but that since the County has not been served, the official-capacity suit against it, through its employees, cannot lie.

 Plaintiff's counsel correctly points out that North Carolina law controls on the issue of whether the Office of Sheriff is an entity which can be sued. *See* F.R.Civ.P. 17(b). Clearly in the case of the Chief Jailer, it appears that the employer was the Sheriff of Cumberland County: "Each sheriff ... elected by the people has the exclusive right to hire, discharge, and supervise the employees in his office." N.C. G.S. § 153A–103(1). Moreover, the Sheriff is not hired by the Board of County Commissioners or the County Manager, but is elected by the people. N.C.G.S. § 162–1. He is not subject to significant control by the County Commissioners but is instead answerable to the people, as are elected officials, generally: "The sheriff may not delegate to another person the final responsibility for discharging his official duties ..." N.C.G.S. § 162–24.

In *Peele v. Provident Mutual Life Ins. Co.*, 90 N.C.App. 447, 368 S.E.2d 892 (1988), the plaintiff had been employed as a dispatcher with the Sheriff's Department.

---

**1.** Admitted by the defendants to be Daniel J. Ford, although no formal order of substitution has been entered.

She was fired by the Sheriff and brought an action for wrongful discharge. The North Carolina Court of Appeals noted:

> Plaintiff argues that even though she was hired by the sheriff, she remained the employee of Watauga County ... We cannot agree.... It is clear to this Court that plaintiff was an employee of the sheriff and not Watauga County and its Board of Commissioners.

at p. 449, 368 S.E.2d 892.

Plaintiff's counsel has cataloged a number of cases in which a North Carolina County Sheriff has been sued in his official capacity as sheriff. See, e.g., *Joyner v. Lancaster*, 553 F.Supp. 809 (M.D.N.C.1982) (against "Manly Lancaster, individually and in his official capacity as Sheriff of Forsyth County"). Indeed, many such actions have been filed in this very court. *See, e.g*, E.D.N.C. civil action No. 90–CRT–22–F, a class action challenging conditions of confinement in the Hertford County jail naming as one of the defendants, "Winfred Hardy, Sheriff of Hertford County, Individually, *and in his official capacity.*"

But it is not critical that the office of Sheriff of Cumberland County be a suable entity. In *Revene v. Charles County Com'rs*, 882 F.2d 870, 874 (4th Cir.1989), the Fourth Circuit, applying Maryland law, held that an action could be maintained against the Sheriff in his official capacity even though the Office of Sheriff was not a cognizable legal entity that could be sued.

It appears to the undersigned, therefore, that the named defendants were both employees not of Cumberland County, but of the Office of Sheriff of Cumberland County and that this is an action against them in their official capacities. Thus, this is not an action against Cumberland County, but is rather against the entity of Sheriff of Cumberland County, although it is not necessary for such entity to be a named defendant.

A different result is not mandated even if it is concluded that Cumberland County was the employer of the named defendants. Cumberland County's argument that it was not served with process in this case is unavailing. There is no requirement that an employer not sued in its own name be served with process in an official-capacity action against its officials. Rather, it is sufficient if it has *notice* of the action and an opportunity to respond. *Brandon v. Holt, supra*, at 471–72, 105 S.Ct. at 877–78. If the Sheriff and Chief Jailer were Cumberland County's employees, as it claims, service of process on them was notice to the county. If they were not Cumberland County's employees, then it has no interest in this official-capacity action. The undersigned observes that Intervenor's affidavits do not exclude the possibility that even the County Commissioners or County Manager had notice of the action. Rather, they all claim that the complaint and summons is "foreign" to them and deny that they had ever been served with process. They do not say that they had never been made aware of the action. It is not necessary to decide whether service of process on the Sheriff and Chief Jailer is adequate service on the county. It is enough to observe that if they are employees of the county, they are of sufficient status such that service of process on them is notice to the county.

The motion of Intervenor to dismiss the action as being one against the entity Cumberland County should be denied.

It is not for this court to decide now what assets might be reachable to satisfy a judgment for compensatory damages, attorneys fees and costs[2] in the event the plaintiff ever recovers such a judgment. If Cumberland County is concerned about that, then they may wish to cooperate in the defense of the case or may seek to intervene to defend on its merits.

If this action continues, as this recommends, the present Sheriff of Cumberland

---

2. Plaintiff's *pro se* complaint prayed for compensatory and punitive damages as well as injunctive relief. The prayer for injunctive relief has been stricken because plaintiff is no longer incarcerated in the Cumberland County jail.

The prayer for punitive damages should be stricken as well because they are not recoverable in an official-capacity action. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

County, Morris Bedsole, should be substituted, under Rule 25, F.R.Civ.P., for Ottis F. Jones, now deceased, and the present Chief Jailer (whose name is not disclosed in the file) may be substituted for John Doe Ford, who is no longer a County employee, or that defendant may be dismissed since only one defendant is sufficient in an official-capacity action. On motion of defendants, the punitive damages claim should also be stricken.

Accordingly, the Motion of Cumberland County to Intervene for the limited purpose of moving to dismiss IS ALLOWED. IT IS HEREBY RECOMMENDED: that Intervenor's *Motion to Dismiss* BE DENIED; that on motion of either party the present Sheriff and Chief Jailer be substituted for their predecessors in office named in this action; that on motion of defendants the punitive damages count be stricken.

This the 20th day of August, 1990.