**Dru Cilla RYALS, Plaintiff,**

v.

**MOBILE COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.**

**Civ. A. No. 93–0029–BH–M.**

United States District Court, S.D. Alabama, S.D.

Dec. 13, 1993.

---

Mary Beth Mantiply, Lynn C. Miller, Mobile, AL, Candis A. McGowan, Cooper, Mitch, Crawford, Kuykendall & Whatley, Frederick T. Kuykendall, III, Birmingham, AL, for plaintiff.

James B. Rossler, Michael A. Figures, J. Malcolm Jackson, III, Mobile, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

HAND, Senior District Judge.

This action is before the Court on motion of defendant Mobile County, Alabama (Mobile County) for summary judgment (Tab $ 35 and 36). Plaintiff filed this action on January 15, 1993, against the Mobile County Sheriff's Department and Mobile County, Alabama, alleging that she was denied a promotion to sergeant on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. At the time of her application for the position of Sergeant, plaintiff was a deputy sheriff. On September 13, 1993, the claims against the Mobile County Sheriff's Department were dismissed pursuant to the stipulations of the parties. Plaintiff has been granted by separate order leave to amend her complaint to add Sheriff Thomas J. Purvis, in his official capacity.

Upon consideration of Mobile County's motion, the plaintiff's opposition thereto and the record as a whole, the Court concludes that Mobile County's motion is due to be granted. The essential issue with respect to Mobile County is whether this governmental agency is an employer of deputy sheriffs within the meaning of Title VII. As the plaintiff recognizes:

> [S]eparate entities ... are considered joint employers for purposes of Title VII when both entities exercise "indicia of control" over an employee's employment.... Factors in determining whether separate entities exercise indicia of control and are thus joint employers includes whether the separate entities share or control certain aspects of the employee's employment such as (1) the authority to hire, transfer, promote, discipline or discharge; (2) the authority to establish work schedules or direct work assignments; or (3) the obligation to pay or the duty to train the employee.

(Plaintiff's Supplemental Brief at p. 3 (citations omitted)). Plaintiff concludes that Mobile County "jointly exercises indicia of control of the deputies with the Sheriff" but cites no area of a deputy's employment over which Mobile County has any control. (Id. at pp. 3–4). During the pretrial conference conducted in this action on November 22, 1993, plaintiff's counsel relied solely on the fact that the checks paid to the deputies were issued by Mobile County. There exists no evidence, however, that Mobile County does anything other than cut the checks for the deputies from the funds annually budgeted for the Sheriff's Department.

In contrast to plaintiff's arguments, the Eleventh Circuit has clearly differentiated between the responsibilities of Alabama counties to maintain county jails in partnership with their sheriffs and the lack of such partnership relationship with respect to all law enforcement activities, including the selection of deputy sheriffs. See e.g., Swint v. City of Wadley, Alabama, 5 F.3d 1435, 1450 (11th Cir.1993) ("[U]nlike the jail function identified in Parker v. Williams, [862 F.2d 1471 (11th Cir.1989) ] there is no law enforcement 'partnership' between Alabama counties

and their sheriffs"). Consequently, a county may be held liable for personnel decisions in the county jail but may not be held liable for personnel decisions concerning the appointment or termination of deputy sheriffs. *Compare, Parker v. Williams, supra,* 862 F.2d at 1479–80 ("looking narrowly at Sheriff Amerson's hiring decisions for the Macon County jail"), and *Terry v. Cook,* 866 F.2d 373, 379 (11th Cir.1989) (County commission not liable for termination of deputies, despite their ratification of same, because there exists "no authority in Alabama law granting the county commission the authority to hire and fire deputy sheriffs"; authority of county commission limited to determining the number of deputies the sheriff may appoint). Consequently, Mobile County is not plaintiff's employer within the meaning of Title VII.

In view of this recognized distinction in the relationship of Alabama counties to their sheriffs' departments and their county jails, this court does not concur in the analysis set forth in *Manley v. Mobile County, Alabama,* 441 F.Supp. 1351 (S.D.Ala.1977), the case principally relied upon by the plaintiff. The *Manley* court did not have the benefit of the Eleventh Circuits pronouncements in *Swint, Terry,* or *Parker* and reached its decision based chiefly upon the reasoning in *Howard v. Ward County,* 418 F.Supp. 494 (D.C.N.D. 1976), an equal pay action in which, unlike the case at bar, the county was not only authorized under North Dakota law to fix the number and salaries of Sheriff's deputies but refused the Sheriff's repeated attempts "to persuade the County Commissioners to pay Plaintiff a salary commensurate with her position."

Despite the lack of authority under state law to hire or fire deputy sheriffs, plaintiff opines that "Mobile County, Alabama's assumption that it has no control over this situation and that all control is vested in the Sheriff is what has caused the unfair employment practice to continue." It is evident, however, that to vest Mobile County with authority to hire or promote deputies, even if the motive is to prevent discrimination, would be to vest Mobile County with law enforcement authority beyond that permitted by state law and recognized by the Eleventh Circuit.

For the above stated reasons, the Court concludes that there exists no material issue of fact and that Mobile County is entitled to judgment as a matter of law. It is therefore **ORDERED** that Mobile County's motion for summary judgment be and is hereby **GRANTED** in that, at the conclusion of this litigation, judgment be entered in favor of the defendant, Mobile County, Alabama, and against the plaintiff, Dru Cilla Ryals, the plaintiff to have and recover nothing of this defendant.