Dianne **GALLARDO**, Plaintiff,

v.

**BOARD OF COUNTY COMMISSION- ERS, Kearny County, Kansas, et al., Defendants.**

**No. 93–4182–RDR.**

United States District Court, D. Kansas.

March 24, 1995.

Cheryl D. Myers, Myers & Myers, Topeka, KS, for plaintiff.

Grant M. Glenn, A. Michelle Roberts, Woner, Glenn, Reeder, Lowry & Girard, Topeka, KS, Jane A. Deterding, Woner, Glenn, Reeder, Lowry & Girard, Wichita, KS, for The Board of County Com'rs of County of Kearny, Kan., Becky Williams.

Allen G. Glendenning, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, KS, for City of Lakin, Kan.

Barbara Scott Girard, Todd N. Tedesco, Rupe & Girard Law Offices, P.A., Wichita, KS, for Darrell L. Walters.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

Plaintiff has alleged violations of federal and state civil rights laws in this action. Plaintiff has also asserted common law tort claims. This case is now before the court upon the motion for summary judgment of defendant City of Lakin (Doc. No. 79) and the motion for judgment on the pleadings by certain defendants (Doc. No. 145). A motion to review a Magistrate Judge's order (Doc. No. 112) is also pending and shall be decided with this order.

This case arises from plaintiff's employment as a dispatcher for the Sheriff's Office in Kearny County, Kansas. Defendants are: the Board of County Commissioners of Kearny County, Kansas; the City of Lakin, Kansas; James F. Jarboe, Jr.; Tim Rains; and Raymond C. Morgan. Darrell Walters and Becky Williams were defendants in this case, but plaintiff's claims against them have been dismissed with the agreement of the parties.

*City of Lakin's Motion for Summary Judgment*

The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993):

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L.Ed.2d 202, 106 S.Ct. 2505 [2509–10] (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L.Ed.2d 265, 106 S.Ct. 2548 [2552–53] (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 89 L.Ed.2d 538, 106 S.Ct. 1348 [1355–56] (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324 [106 S.Ct. at 2553]; *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

Although the City of Lakin raises several arguments in its motion for summary judgment, the critical issues raised in the motion and the issues upon which the court shall grant summary judgment to the City of Lakin concern the absence of an employer/employee or agency relationship between the City of Lakin and the persons who are alleged to have discriminated against or harassed plaintiff. The following uncontroverted facts are important to these issues.

Plaintiff's complaint alleges that Darrell Walters and Tim Rains sexually harassed plaintiff. Walters and Rains were deputy sheriffs for Kearny County, Kansas. The complaint also alleges that plaintiff's supervisor, Becky Williams, did not take corrective action when plaintiff complained about the sexual harassment. Williams was the supervisor of the dispatch department for the Kearny County Sheriff. The City of Lakin had no authority to hire, fire or discipline James F. Jarboe, Jr., the Sheriff of Kearny County. The City of Lakin had a law enforcement agreement with Kearny County and the Kearny County Sheriff. Under the agreement, the Kearny County Sheriff provided law enforcement services for the City of Lakin. In return, the City of Lakin funded two full-time officers, provided a police vehicle and made other monthly payments. Darrell Walters' position was funded by the City of Lakin. The law enforcement agreement provided that it was "understood and agreed" that the provision of law enforcement, "the standards of performance, the discipline of officers, and other matters incident to the performance of such services and the control of personnel so employed shall remain in the care and control of the SHERIFF." The agreement further stated, "In the event of dispute between the parties hereto as to the extent of the duties and functions to be rendered hereunder, or the level or manner of performance of such services, the determination thereof made by the SHERIFF of the COUNTY shall be final and conclusive as between the parties hereto." The agreement also provided that county officers performing law enforcement functions for the city shall be deemed city officers and given commissions as city police officers. However, the agreement reiterated "that the Sheriff, the Undersheriff and all Deputy Sheriffs shall be the sheriff department employees assigned the responsibility for enforcing the municipal ordinances of the CITY." The agreement also stated that city officers providing law enforcement functions for the county shall be deemed county officers and "given commissions as County Deputy Sheriffs upon approval of the SHERIFF." Under the agreement the city promised to compensate county employees injured while performing duties which pertained to the city and to indemnify the county for liability arising from intentional or negligent acts of county employees performing duties pertaining to the city. The county made similar promises of compensation and indemnity regarding employees performing duties pertaining to the county. Finally, "[b]y way of further explanation and limitation" the agreement stated that "all functions and duties performed within the scope of this

Agreement which are imposed upon the SHERIFF as responsibilities of his office by State law or County resolution shall be construed as duties and functions which pertain to the State of Kansas or the COUNTY, and not the CITY, even though there may exist CITY duties and functions which are identical."

The employees involved in this case wore uniforms and badges identifying them as members of the Kearny County Sheriff's Department. They worked in a building owned and maintained by Kearny County. Sheriff Jarboe hired Darrell Walters. Although the City of Lakin paid Walters' salary, the amount of the salary was established by the county pay scale. However, there is evidence that the City of Lakin kept track of Walters' vacation leave and sick leave.

The City Administrator for the City of Lakin has stated in an affidavit that the city did not exercise control over Darrell Walters or the Kearny County Sheriff's Department and had no authority to do so.

The Kearny County Sheriff's Department Personnel and Operational Policies state that they apply to officers of the Lakin City Police Department and supersede all other policies for employees and officers of the Lakin City Police Department. The organizational chart for the Kearny County Sheriff's Department indicates that the City of Lakin Patrol is under the control of the Kearny County Sheriff.

For the City of Lakin to be liable for the misconduct alleged in plaintiff's complaint, the City would have to have an employer/employee or principal/agent relationship with the persons who are alleged to have violated plaintiff's rights. The court has examined various tests to determine whether such a relationship exists in this case. See *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir.1993) (integrated enterprise test); *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1089 (10th Cir.1991) (same); *Wheeler v. Hurdman*, 825 F.2d 257, 268–71 (10th Cir.) cert. denied, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987) (common law and economic realities tests); *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir.1967), cert. denied, 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968) (alter ego); *Fanfan v. Berwind Corp.*, 362 F.Supp. 793, 795 (E.D.Pa.1973) (instrumentality); *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1214–15 (9th Cir.1989) (agency); *Massey v. Emergency Assistance, Inc.*, 724 F.2d 690 (8th Cir.1984) (dissenting opinion) (agency).

Some of the tests are more easily applied to these facts than others. But, the court does not believe any reasonable jury would find on the record under any of the tests that an employer/employee or principal/agent relationship sufficient to establish liability existed between the City of Lakin and the alleged malefactors in this case. The Sheriff of Kearny County had exclusive control over the performance and discipline of persons involved in this case. We believe this is a critical fact. See *Frank v. U.S. West, Inc.*, supra, 3 F.3d at 1363; *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983); see also, *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993) ("an 'employer' under Title VII ... serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment."). Although Darrell Walters was paid with money from the City of Lakin and, under the law enforcement agreement, could be denominated a city police officer under certain circumstances, we do not believe these facts are sufficient to create an issue of fact as to whether the City of Lakin was an employer or principal. See *Ryals v. Mobile County Sheriff's Department*, 839 F.Supp. 25 (S.D.Ala.1993) (Mobile County granted summary judgment in sex discrimination action because it was not employer of plaintiff deputy sheriff, even though it paid the deputies in the department); see also, *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir.1995) (fact that assistant state's attorney in state's attorney office of Cook County, Illinois was paid out of county funds does not compel conclusion that he was a county employee); *Warren v. Stone*, 958 F.2d 1419 (7th Cir.1992) and *Orenic v. Illinois State Labor Relations Board*, 127 Ill.2d 453, 130 Ill.Dec. 455, 537 N.E.2d 784 (1989) (same rule applied to employees of county public defender's office).

For these reasons, we believe defendant City of Lakin is entitled to summary judgment.

*Motion for Judgment on the Pleadings*

Defendants James F. Jarboe, Jr., Raymond C. Morgan and Tim Rains, in their official capacities, have filed this motion seeking judgment on the pleadings. Defendants argue that any suit against them in their official capacities is duplicative of plaintiff's claims against their employer, Kearny County, Kansas. Plaintiff does not oppose defendants' motion if the court believes it will "clean up" the proceedings. A similar motion was granted in related litigation. *Arthur J. Gallardo v. Board of County Commissioners,* Case No. 94–4064–SAC, 1995 WL 106366 (D.Kan. Jan. 11, 1995). We agree with the ruling made by Judge Crow and shall dismiss plaintiff's claims against defendants James F. Jarboe, Jr., Raymond C. Morgan and Tim Rains in their official capacities.

*Motion for Review*

The motion for review was filed by defendants Board of County Commissioners of Kearny County, Kansas. Defendants object to the ruling of the Magistrate Judge which granted in part the State of Kansas Department of Human Resources' motion to quash subpoena and request for protective order. The effect of the ruling was to deny defendants discovery of a transcript and record of unemployment hearings instigated by plaintiff before the Kansas Department of Human Resources. The Magistrate Judge relied upon three unpublished decisions from the District of Kansas which enforced the provisions of K.S.A. 44–714(f) in federal question cases.[1] This statute provides that the transcript of unemployment insurance proceedings shall be confidential and shall not be discoverable or admissible evidence for other proceedings, hearings or determinations.

■ The district court's scope of review of a magistrate judge's determination under 28 U.S.C. § 636(b)(1)(A) is whether the order has been shown to be "clearly erroneous or

contrary to law." See also, *U.S. v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980); FED.R.CIV.P. 72(a).

■ Upon review of defendants' motion for review, to which there has been no response, the court is convinced that the decisions relied upon by the Magistrate Judge are incorrect and that the Magistrate Judge's ruling should be reversed. We agree with defendants that in a federal question case the court must apply federal common law, rather than state law, regarding evidentiary privileges. FED.R.EVID. 501; *E.E.O.C. v. Illinois Department of Employment Security,* 995 F.2d 106 (7th Cir.1993). As defendants note, the unpublished opinions cited by the Magistrate Judge rely upon a diversity jurisdiction case, *Kuehn v. La Petite Academy, Inc.,* Case No. 82–2239 (D.Kan. 4/6/93), which held that K.S.A. 44–714(f) was applicable and controlling. This comports with Rule 501. But the rule is different in a federal question case such as the one at bar. The decisions cited by the Magistrate Judge, including one from the undersigned judge, do not recognize this distinction.

This distinction was honored by Judge Saffels of this district in *Young v. Adams Business Forms, Inc.,* Case No. 87–4081–S, 1988 U.S.Dist. LEXIS 972 (D.Kan., unpublished, 1/22/88). There, Judge Saffels overturned a ruling similar to the one being reviewed here.

As the decisions in *Young* and *EEOC v. Illinois Department* find, there is no federal common law privilege regarding the transcript of a state unemployment benefits proceeding. Nor does the court believe there are adequate policy considerations for enforcing such a privilege in this case. Therefore, the court shall set aside the Magistrate Judge's ruling to grant in part the motion of the Kansas Department of Human Resources to quash subpoena and request for protective order.

*Conclusion*

In conclusion, the court shall grant defendant City of Lakin's motion for summary judgment. The City of Lakin shall be dis-

---

1. These opinions are: *Conway v. Smith,* Case No. 84–2434 (D.Kan. 6/28/85) (Sullivant, M.); *Iqbal v. Golf Course Superintendents Ass'n,* Case No. 84–4063 (D.Kan. 3/24/86) (Rogers, J.); *Anspach v. Tomkins Industries, Inc.,* Case No. 91–2270–0 (D.Kan. 2/4/92) (Newman, M.J.).

missed as a defendant in this case. The court shall dismiss plaintiff's claims against James F. Jarboe, Jr., Raymond C. Morgan and Tim Rains in their official capacities. Finally, the court shall set aside the Magistrate Judge's order of June 30, 1994 and direct the Kansas Department of Human Resources to comply with defendants' subpoena.

**IT IS SO ORDERED.**