Dianne GALLARDO, Plaintiff,

v.

BOARD OF COUNTY COMMISSION-
ERS, KEARNY COUNTY, KAN-
SAS, et al., Defendants.

No. 93–4182–RDR.

United States District Court,
D. Kansas.

April 4, 1995.

Cheryl D. Myers, Myers & Myers, Topeka, KS, for plaintiff.

Grant M. Glenn, A. Michelle Roberts, Woner, Glenn, Reeder, Lowry & Girard, Topeka, KS, Jane A. Deterding, Woner, Glenn, Reeder, Lowry & Girard, Wichita, KS, for the Board of County Com'rs of the County of Kearny, Kan., Becky Williams.

Allen G. Glendenning, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, KS, for City of Lakin, Kan., and their respective representatives, including but not limited to, Becky Williams, Darrell L. Walters, Tim Rains, James F. Jarboe, Jr. and Raymond C. Morgan.

Barbara Scott Girard, Todd N. Tedesco, Rupe & Girard Law Offices, P.A., Wichita, KS, for Darrell L. Walters.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This case is now before the court upon two matters. First, the court must correct a misstatement in a memorandum and order dated March 24, 1995, 881 F.Supp. 525. On page one of that order, 881 F.Supp. at 525, the court stated that Darrell Walters and Becky Williams had been dismissed from the case with the agreement of the parties. This is incorrect. Plaintiff's causes of action against Walters and Williams under federal civil rights laws and the Kansas Act Against Discrimination ("KAAD"), K.S.A. 44–1001 *et seq.*, were dismissed with the agreement of the parties. However, plaintiff's claims under state common law against these defendants remain pending. Plaintiff's complaint

alleges common law claims for intentional and negligent infliction of emotional distress.

◼ The second matter for the court's attention is defendant Walters' motion for judgment on the pleadings and/or summary judgment. Doc. No. 30. Because of the agreed dismissal of plaintiff's federal law and KAAD claims against defendant Walters, the only issue which the court must address is whether plaintiff's claims of negligent and intentional infliction of emotional distress should be dismissed as precluded by the Kansas Workers Compensation Act ("KWCA"), K.S.A. 44–501 *et seq.* Because of the limited record before the court on this matter, the court shall treat defendant's motion as one for judgment on the pleadings rather than for summary judgment.

◼ A motion for judgment on the pleadings under FED.R.CIV.P. 12(c), like a motion to dismiss under Rule 12(b)(6), may be granted only if it is clear that plaintiff could not be granted relief under facts which are consistent with the allegations. See *United States v. Wood,* 925 F.2d 1580, 1581 (7th Cir.1991). The court construes the complaint in a light most favorable to the plaintiff. Cf., *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987) (applying Rule 12(b)(6)).

◼ The issue raised by defendant Walters' motion has been discussed recently in two published opinions from the District of Kansas. In both *Beam v. Concord Hospitality, Inc.,* 873 F.Supp. 491, 497–500 (D.Kan. 1994) and *Bernard v. Doskocil Companies, Inc.,* 861 F.Supp. 1006, 1016–17 (D.Kan.1994), the analysis supplied in 2A Larson, *Law of Workmen's Compensation* § 64.45(a), at 13–180 (1993) was applied. The treatise states:

> If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a make weight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, including in "physical" the kinds of mental or nervous injury that cause disability, the action should be barred even if it can be cast in the form of a normally non-physical tort.

It is not absolutely clear from the plaintiff's allegations or the list of uncontroverted facts whether the essence of plaintiff's action is for the recovery for non-physical or physical injuries. But, it appears more likely than not that the core of plaintiff's case is for the recovery of non-physical injuries. Certainly, the essence of the common law torts alleged by plaintiff is non-physical. Therefore, construing the complaint in a light favorable to plaintiff, we do not believe plaintiff's recovery should be limited to the provisions of the KWCA. This holding is consistent with the *Beam* and *Bernard* cases cited earlier, where the courts denied similar arguments for summary judgment.

In summary, the court hereby corrects its misstatement in the order dated March 24, 1995 and acknowledges that plaintiff's claims for negligent and intentional infliction of emotional distress have not been dismissed against defendants Walters and Williams. The court also denies defendant Walters' motion for judgment on the pleadings (Doc. No. 30) to the degree the motion asks the court to find that plaintiff's state law claims against defendant Walters are precluded by the KWCA. The rest of defendant Walters' motion is moot because of the agreed dismissal of plaintiff's claims under the federal civil rights laws and the KAAD.

**IT IS SO ORDERED.**