Terry Lynn SPENCER, Plaintiff,

v.

Hubert Wayne BYRD, Sr., Sheriff of Hoke County, Michael B. Wood, Individually and as Chief Deputy Sheriff of Hoke County, and Hoke County, State of North Carolina, Defendants.

No. 3:93CV647.

United States District Court, M.D. North Carolina, Rockingham Division.

July 13, 1995.

Brian Kevin Manning, Steven James O'Connor, Fayetteville, NC, for plaintiff.

James R. Morgan, Jr., Allan R. Gitter, Winston–Salem, NC, Garris Neil Yarborough, Fayetteville, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

This case comes before this Court on the Magistrate Judge's recommendation on the Defendant's motion to dismiss. The Court's examination of the record indicates that the Defendant Hoke County has not had the benefit of a ruling on its motion to dismiss. Accordingly, the Court in its de novo review of the motion for summary judgment has considered the issues raised in the Defendant Hoke County's motion to dismiss.[1]

The Plaintiff's complaint contains four claims: a Title VII claim for sex discrimination for disciplinary action taken against her and her termination, a Title VII claim for retaliatory discharge, a state law claim for breach of contract, and a state law claim for libel. In its motion to dismiss, Defendant Hoke County asserts that Hoke County ("the County") does not control the Hoke County Sheriff's Department ("Sheriff's Department"), and as such is not liable for the policies and actions of Defendant Sheriff Byrd and his deputies. In support of this proposition, Hoke County cites to both federal and North Carolina law relating to whether the County has policy-making authority over the Sheriff's Department. A determination that a governmental entity has policy-making authority relates to whether that entity is liable under 42 U.S.C. § 1983 for actions taken pursuant to an unconstitutional policy. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478–479, 106 S.Ct. 1292, 1297–1298, 89 L.Ed.2d 452 (1986). No such claims are present here, and thus, the Court will not consider the issue of whether the County has policy-making authority for the Sheriff's Department. However, Defendant Hoke County's defense that it had no power over the Sheriff's Department will be addressed in connection with each cause of action.

## I.

Defendant Hoke County asserts that it has no control over the Sheriff's Department and is therefore not liable to Plaintiff. Plaintiff's first two claims involve Title VII. For Plaintiff to prevail on her Title VII claims against Defendant Hoke County, she must establish that she was an employee of

---

1. Additionally, the Court has considered the documents deemed filed on January 26, 1995.

Hoke County. *See Curl v. Reavis,* 740 F.2d 1323, 1327 (4th Cir.1984). Whether Plaintiff was an employee of Hoke County for purposes of Title VII is a question of federal, rather than state, law. *Id.* at 1327. State law is relevant to the extent it describes the "plaintiff's position, including [her] duties and the way [s]he is hired, supervised and fired." *Id.*

Plaintiff asserts that the County was her employer. The Sheriff, rather than the County, had the exclusive right to hire, discharge, and supervise the Plaintiff, a deputy sheriff. *See* N.C.Gen.Stat. § 153A–103. North Carolina law states that the county, through the board of commissioners, may fix the number of salaried employees in the sheriff's department with the proviso that each sheriff is entitled to at least two deputies. *See* N.C.Gen.Stat. § 153A–103. The county must reasonably compensate the deputies. *Id.* However, the deputies serve at the pleasure of the sheriff. *Id.* The County asserts that it was not the Plaintiff's employer because it did not have control or authority over her. Plaintiff, in turn, points out that she was compensated by the County.

The Fourth Circuit has not addressed whether a sheriff's deputy is an employee of a county for the purposes of Title VII. Several federal courts around the country have discussed the issue. Those courts extending the definition of employee to encompass a county or other political subdivision have relied on a nexus theory. *See Manley v. Mobile County,* 441 F.Supp. 1351 (S.D.Ala.1977) (holding that sufficient economic ties existed between sheriff and county to hold that county was an employer under Title VII). In *Manley,* the court stated that the county provided the sheriff's department with supplies and equipment and that the county would bear the brunt of a monetary award. For these reasons, the court found that a sufficient nexus existed between the county and the sheriff to hold that the county was an employer of a sheriff's deputy. *Id.* at 1356. The *Manley* opinion was questioned by the same court in *Ryals v. Mobile County Sheriff's Department,* 839 F.Supp. 25 (S.D.Ala. 1993). In *Ryals,* the court determined that the only relationship between the sheriff's

deputy and the county stemmed from the fact that the county provided the compensation for the deputy from funds budgeted to the sheriff's department. The court held that the county was not the deputy's employee for the purposes of Title VII. *Id.* at 27. In *Shannon v. Village of Broadview,* 682 F.Supp. 391 (N.D.Ill.1988), the court held that a municipality's funding of the police department, an entity with sole statutory authority to hire police officers, caused economic control sufficient to warrant the municipality's being an employer under Title VII. *Id.* at 394.

*Manley* and *Ryals* represent conflicting pronouncements from the same court. This Court is more persuaded by the logic of *Manley.* To examine the relationship between the County and the Sheriff's Department in this case and conclude that the County simply provided the check for Plaintiff's compensation out of budgeted funds would be to oversimplify the situation. The County provided the Plaintiff's compensation. Moreover, the County has the authority to limit the Sheriff to two deputies, and to establish the number of deputies. Although the Sheriff retained the exclusive power to hire and fire deputies, the County exercises a great deal of control through its ability to fund or to decide not to fund the deputy positions. This indicium of control cannot be ignored.

Although state law is clear on the fact that the County is not the employer of a Sheriff's deputy, the question facing the Court is one of federal law. Under Title VII, the County and the Sheriff were economically linked such that the County was an employer of Plaintiff. Defendants' motion to dismiss on the ground that the County was not Plaintiff's employer under Title VII is DENIED.

The Court has reviewed de novo the motion for summary judgment filed by all Defendants on Plaintiff's Title VII claims. The Court hereby adopts the Magistrate's recommendation as to Claims 1 and 2. Defendant's motion for summary judgment on these claims is DENIED.

## II.

Defendant also seeks summary judgment on Plaintiff's breach of contract claim against Hoke County. Hoke County is the only defendant named in that count. Plaintiff's breach of contract claim is a state law claim and is governed by North Carolina law. As discussed above, by statute in North Carolina, the Sheriff has "the exclusive right to hire, discharge, and supervise the employees in his office." N.C.Gen.Stat. § 153A–103. The County must reasonably compensate the Sheriff's deputies, but a deputy "serve[s] at the pleasure of the appointing officer." *Id.* The county board of commissioners has the power only to fix the number of salaried employees in the Sheriff's office and the power to approve the appointment to deputy of any person closely related to the Sheriff or of any person who has been convicted of a crime of moral turpitude. *Id.*

The North Carolina Court of Appeals has determined that deputy sheriffs are not employees of the county. *Peele v. Provident Mutual Life Ins. Co.*, 90 N.C.App. 447, 368 S.E.2d 892 (1988). In *Peele*, a dispatcher was hired by the sheriff of Watauga County. After her termination, she sued Watauga County for wrongful termination. The court of appeals considered North Carolina General Statute section 153A–103 and found that since the legislature had vested in the sheriff exclusive control of the employees hired by the sheriff, the dispatcher had no claim against the county. *Id.* at 450, 368 S.E.2d at 894.

In this case, Plaintiff was employed as deputy sheriff in Hoke County. As such, under North Carolina law, Sheriff Byrd had exclusive control over her employment, and Plaintiff served at "the pleasure" of the Sheriff. The County had no control over Plaintiff, having only the obligation to provide her with reasonable compensation. It appears to this Court that if the usual "at-will" status of a deputy sheriff's employment were modified under a contract, such contract would have to be with the Sheriff. The County, having no control over Plaintiff, could not be a party to any employment contract she may have had, and therefore, Plaintiff cannot recover against the County for breach of contract.

As a matter of law, Plaintiff's breach of contract claim against Hoke County fails. Under this determination, the Court need not reach the issues regarding this claim addressed in the Magistrate's recommendation. The Defendant's motion for summary judgment on Plaintiff's breach of contract claim is GRANTED.

## III.

Plaintiff's final claim is a state law libel claim. In this claim, she names Hoke County and Chief Deputy Sheriff Wood in his official and individual capacity. As discussed above, Hoke County has no control over the actions of the Sheriff's department or its employees. As such, it cannot be liable for the libel of the Chief Deputy. Additionally, the Court adopts the Magistrate Judge's Recommendation that the libel claim against the County and Chief Deputy Wood in his official capacity be dismissed on the grounds of governmental immunity. The Defendant's motion for summary judgment on Plaintiff's libel claim is GRANTED with regard to Hoke County and Chief Deputy Wood in his official capacity, and DENIED with regard to Chief Deputy Wood in his individual capacity.

## ORDER

On January 6, 1995, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). The Court has considered de novo the motion to dismiss, the motion for summary judgment, and the briefs and documents filed by both parties including those documents deemed filed on January 26, 1995.

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, the Court hereby adopts the Magistrate Judge's Recommendation as to claims 1, 2, and 4.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment on Plaintiff's Title VII claims is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment on

Plaintiff's breach of contract claim is GRANTED.

IT IS FURTHER ORDERED that Defendant Hoke County's motion for summary judgment on Plaintiff's libel claim is GRANTED.

IT IS FURTHER ORDERED that Defendant Wood's motion for summary judgment on Plaintiff's libel claim is GRANTED as to his official capacity and DENIED as to his individual capacity.