BRETA GILLIS, Plaintiff v. MONTGOMERY COUNTY SHERIFF'S DEPARTMENT, and FIDELITY & DEPOSIT COMPANY OF MARYLAND, Defendants

No. COA07-1503

(Filed 15 July 2008)

**1. Appeal and Error— appellate rules violations—failure to include subject index**

Although plaintiff's brief violated the Rules of Appellate Procedure since it did not contain a subject index as required by N.C. R. App. P. 28(b)(1), the Court of Appeals did not believe this minor violation warranted sanctions under Rules 25 and 34.

**2. Public Officers and Employees— 911 dispatcher—wrongful termination—insufficient allegation of violation of public policy**

A former 911 dispatcher in defendant county sheriff's department failed to state a claim against defendant for wrongful termination in violation of public policy where she alleged that she was wrongfully terminated "for reasons that are against the public policy of North Carolina," but she failed to allege a violation of any explicit statutory or constitutional provision or that defendant encouraged plaintiff to violate any law that might result in potential harm to the public.

Appeal by plaintiff from an order entered 10 September 2007 by Judge John O. Craig, III in Montgomery County Superior Court. Heard in the Court of Appeals 14 May 2008.

*B. Ervin Brown, II, for plaintiff-appellant.*

*Nexsen Pruet, PLLC, by Peter G. Pappas, for defendants-appellees.*

JACKSON, Judge.

Breta Gillis ("plaintiff") appeals the dismissal of her action against the Montgomery County Sheriff's Department and its surety, Fidelity & Deposit Company of Maryland ("defendants"). For the reasons stated below, we affirm.

Plaintiff was employed with the sheriff's department from 1997 or 1998 until her termination on 22 March 2005. At the time of her termination, plaintiff was a 911 dispatcher in the Telecommunications

Center ("the Center") which was managed by the sheriff's department. Plaintiff was a close friend of a member of the Board of Commissioners. Prior to her termination, the county commission began considering transferring the Center from supervision by the sheriff's department to supervision by the county.

Plaintiff filed her original complaint on 16 April 2007, alleging that two members of the sheriff's department had threatened to terminate her employment if supervision of the Center was transferred. She alleged facts suggesting that her termination was based upon (1) her failure to prevent the transfer of supervision of the Center, and (2) the fact that she had informed co-workers that sheriff's department personnel had used inmate labor for their personal benefit. She further alleged that she was wrongfully terminated "for reasons that are against the public policy of North Carolina." On 20 June 2007, plaintiff filed an amended complaint adding claims for breach of contract and intentional infliction of emotional distress.

Defendants filed a motion to dismiss plaintiff's complaint on 17 July 2007. A hearing on defendants' motion was calendared for 20 August 2007; however, it was not reached on that date and was deferred to 4 September 2007. On 29 August 2007, plaintiff filed a motion to amend her complaint for a second time. In an order filed 10 September 2007, plaintiff's motion to amend her complaint was denied. Plaintiff also presented a proposed, unfiled, motion to amend her complaint at the 4 September 2007 hearing. The trial court did not consider this motion. The trial court granted defendants' motion to dismiss by order filed 10 September 2007. Plaintiff filed timely notice of appeal.

[1] As a preliminary matter, we note that plaintiff's brief violates our Rules of Appellate Procedure. Specifically, it contains no subject index as required by North Carolina Rules of Appellate Procedure 28(b)(1). Although the North Carolina Rules of Appellate Procedure are mandatory, *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (citations omitted), we do not believe this minor violation warrants sanctions pursuant to Rules 25 and 34. *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 199, 657 S.E.2d 361, 366 (2008) ("Based on the language of Rules 25 and 34, the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a 'substantial failure' or 'gross violation.' In such instances, the appellate court should simply perform its core function of reviewing the merits of the appeal to the extent pos-

GILLIS v. MONTGOMERY CTY. SHERIFF'S DEP'T

[191 N.C. App. 377 (2008)]

sible."). Nonetheless, we caution counsel to include the index in future filings with this Court.

[2] Plaintiff first argues, in essence, that it was error to dismiss her wrongful termination claim because her complaint alleged facts that would support a claim that her termination violated her constitutional right to free speech. We disagree.

Plaintiff asserts that "the incorrect choice of the legal theory upon which the claim is bottomed should not result in dismissal if the allegations are sufficient to state a claim under some legal theory." *Jones v. City of Greensboro*, 51 N.C. App. 571, 593, 277 S.E.2d 562, 576 (1981), *overruled on other grounds by Fowler v. Valencourt*, 334 N.C. 345, 350-51, 435 S.E.2d 530, 533 (1993), (citing *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979)). However, plaintiff's reliance upon the relatively liberal standard of notice pleading is misplaced.

Under certain circumstances, notice pleading is not sufficient to withstand a motion to dismiss; instead a claim must be pled with specificity. *See e.g.*, *Harrold v. Dowd*, 149 N.C. App. 777, 782, 561 S.E.2d 914, 918 (2002) ("Allegations of fraud are subject to more exacting pleading requirements than are generally demanded by 'our liberal rules of notice pleading.' " (quoting *Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E.2d 730, 733, *disc. rev. denied*, 314 N.C. 670, 336 S.E.2d 402 (1985))) One such circumstance is when an at-will employee brings a wrongful termination claim upon the theory of a violation of public policy. *Considine v. Compass Grp. USA, Inc.*, 145 N.C. App. 314, 551 S.E.2d 179, *aff'd*, 354 N.C. 568, 557 S.E.2d 528 (2001) (per curiam).

> North Carolina courts have consistently held that in the absence of some form of contractual agreement between an employer and employee creating a definite period of employment, "the employment is presumed to be an 'at-will' employment, terminable at the will of either party, irrespective of the quality of the performance by the other party."

*Guarascio v. New Hanover Health Network, Inc.*, 163 N.C. App. 160, 164, 592 S.E.2d 612, 614 (2004) (quoting *Harris v. Duke Power Co.*, 319 N.C. 627, 629, 356 S.E.2d 357, 359 (1987)). When an employee has no definite term of employment, he is an employee at will and may be discharged without reason. *Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 446 (1989) (citing *Still v. Lance*, 279

N.C. 254, 182 S.E.2d 403 (1971)). "The discharge of an employee at will generally does not support an action for wrongful discharge in this state." *Considine*, 145 N.C. App. at 317, 551 S.E.2d at 181.

Further, pursuant to North Carolina General Statutes, section 153A-103, "[e]ach sheriff . . . has the *exclusive* right to hire, *discharge*, and supervise the employees in his office." N.C. Gen. Stat. § 153A-103(1) (2005) (emphasis added). In *Peele v. Provident Mut. Life Ins. Co.*, 90 N.C. App. 447, 368 S.E.2d 892, *disc. rev. denied*, *appeal dismissed*, 323 N.C. 366, 373 S.E.2d 547 (1988), this Court held a sheriff's office dispatcher was not wrongfully terminated in part because the "plaintiff's status as an *employee at will* . . . justified her discharge with or without cause." *Id.* at 451, 368 S.E.2d at 895 (emphasis added). As in *Peele*, plaintiff was an employee at will who could be terminated with or without cause.

However, North Carolina recognizes three exceptions to the at-will employment doctrine. The first exception occurs when an employee is employed pursuant to a contract for a definite term. *See Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997) ("[P]arties can remove the at-will presumption by specifying a definite period of employment contractually."). The second exception arises when the termination is in violation of state or federal anti-discrimination statutes. *See id.* ("[F]ederal and state statutes have created exceptions prohibiting employers from discharging employees based on impermissible considerations such as the employee's age, race, sex, religion, national origin, or disability, or in retaliation for filing certain claims against the employer."). Finally, the third exception applies when the employee was terminated for reasons that would violate the public policy of this State. *See Considine*, 145 N.C. App. at 317, 551 S.E.2d at 181 ("[One] exception[] to th[e] general rule [that the discharge of an employee at will generally does not support an action for wrongful discharge] includ[es] a prohibition against termination for a purpose in contravention of public policy."). Neither of the first two exceptions applies in the case *sub judice*.

In *Considine*, this Court addressed the public policy exception. The plaintiff in that case "failed to identify any specified North Carolina public policy that was violated[.]" *Id.* at 321, 551 S.E.2d at 184. The complaint failed to allege a violation of any "explicit statutory or constitutional provision" or that "defendant encouraged plaintiff to violate any law that might result in potential harm to the public." *Id.* The Court concluded that "[i]n light of the case law that cites

*specific* conduct by a defendant that violated a *specific* expression of North Carolina public policy, we hold that plaintiff's complaint does not state a claim for wrongful discharge." *Id.* at 321-22, 551 S.E.2d at 184 (emphasis added).

The complaint in the instant case similarly fails to allege a violation of any "explicit statutory or constitutional provision" or that "defendant encouraged plaintiff to violate any law that might result in potential harm to the public." Plaintiff's complaint alleged merely that she was wrongfully terminated "for reasons that are against the public policy of North Carolina." Defendants were not placed on notice of what public policy their termination of plaintiff violated. Therefore, plaintiff's complaint failed to state a claim for wrongful termination.

Because plaintiff's complaint failed to state a claim upon which relief could be granted, the trial court did not err in dismissing it.

Affirmed.

Judges McGEE and ELMORE concur.