DENIS VENTRIGLIA, PLAINTIFF v. RENNY W. DEESE AND REID, LEWIS, DEESE, NANCE & PERSON, LLP, DEFENDANTS

No. COA08-457

(Filed 16 December 2008)

**1. Appeal and Error— preservation of issues—failure to rule on motion**

Plaintiff did not preserve for appellate review the question of the trial court's duty to rule on his motion to amend his complaint before ruling on defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6). Plaintiff argued at trial that his complaint did not need amendment to withstand the motion to dismiss and neither sought a ruling on his motion to amend nor

argued that the trial court was required to hear his motion to amend before the motion to dismiss.

**2. Statutes of Limitation and Repose— legal malpractice— accrual of claim**

The trial court did not err by dismissing plaintiff's complaint for legal malpractice as barred by the statute of limitations where the complaint was filed more than three years after the trial. Plaintiff contented that the complaint alleged malpractice at the post-trial phase, as well as pre-trial and at trial, but the acts alleged necessarily occurred before or during trial.

**3. Attorneys— negligence—failure to raise argument on appeal—issue not raised below**

Defendant attorneys did not act negligently by failing to challenge the validity of a prenuptial agreement on appeal where the agreement was not challenged at trial. Defendants were therefore precluded from raising it as an appellate issue.

Appeal by Plaintiff from judgment entered 7 February 2008 by Judge John E. Nobles, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 21 October 2008.

*Law Office of Charles M. Putterman, by Charles M. Putterman, for Plaintiff-Appellant.*

*Vaiden P. Kendrick, for Defendant-Appellees.*

ARROWOOD, Judge.

Plaintiff (Denis Ventriglia) appeals the dismissal under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of his legal malpractice claim against Defendants (attorney Renny W. Deese, and law firm Reid, Lewis, Deese, Nance & Person, LLP). We affirm.

The factual background of this case is summarized as follows:

[Plaintiff and Linda Wilson] "were married 4 September 1988. Two children were born of the marriage. The parties separated on 27 October 2000 and plaintiff filed for absolute divorce on 29 October 2001. Defendant counterclaimed for equitable distribution and alimony. An absolute divorce was granted on 7 December 2001. . . . Prior to their marriage the parties, then both licensed attorneys, had jointly drafted and entered into a prenuptial agreement . . . which plaintiff proffered as a defense to

defendant's counterclaim. Both parties stipulated that the prenuptial agreement was valid and binding.

*Wilson v. Ventriglia,* 2005 N.C. App. LEXIS 1476 (unpublished) (*Ventriglia I*).

The domestic trial was conducted in August 2003. The trial court ruled that, although the prenuptial agreement did not preclude equitable distribution, its terms expanded the definition of separate property, such that there was no marital property to distribute. The order denying Plaintiff's claim for equitable distribution was rendered in August 2003 and filed 12 January 2004. On appeal, this court reversed the trial court's ruling that the prenuptial agreement did not preclude equitable distribution, holding that:

> [T]he language used by the parties [in the prenuptial agreement] is sufficient to communicate their intent to dispose of all of their property under the terms of the agreement unless it was held to be unenforceable. This paragraph clearly does not apply as it was stipulated by the parties that the prenuptial agreement was valid and binding on them both. Accordingly, we hold that . . . the agreement fully disposes of the parties' property, and that the agreement acts as a bar to equitable distribution.

*Ventriglia I.* However, this Court upheld the court's determination that, under the terms of the prenuptial agreement, there was no marital property to divide. The opinion in *Ventriglia I* was filed in August 2005.

On 10 January 2007 Plaintiff filed suit against Defendants for damages arising from alleged legal malpractice. Plaintiff asserted that Defendants were negligent in their representation of Plaintiff in the domestic lawsuit between Plaintiff and Wilson. In their answer filed 24 September 2007, Defendants denied the material allegations of the complaint and moved to dismiss Plaintiff's claim under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), on the grounds that Plaintiff's claims were barred by the statute of limitations. Defendants also moved to dismiss Plaintiff's claim under N.C. Gen. Stat. § 1A-1, Rule 41(b) for failure to prosecute. In January 2008 Plaintiff moved to amend his complaint.

Following a hearing on 4 and 5 February 2008, the trial court on 7 February 2008 entered orders granting Plaintiff's motion for dismissal under Rule 12(b)(6), and denying Plaintiff's dismissal motion

under Rule 41. The trial court did not rule on Plaintiff's motion to amend his complaint. Plaintiff appealed from the court's dismissal of his claim, and Defendants filed a cross-assignment of error asserting error in the trial court's denial of their motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 41(b).

## Standard of Review

Plaintiff appeals from the entry of dismissal under Rule 12(b)(6) (2007).

> The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper "when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."

*Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 429 (2007) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)) (other citations omitted).

"On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court 'conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.' " *Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 248, 628 S.E.2d 427, 428 (2006) (quoting *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003)).

---

[1] Following a hearing on the parties' pretrial motions, the trial court granted Defendants' motion for dismissal of Plaintiff's claim under Rule 12(b)(6). On appeal Plaintiff argues that the trial court erred by ruling on Defendants' motion to dismiss under Rule 12(b)(6) "prior to hearing and ruling on Plaintiff's motion to amend his complaint." However, the hearing transcript reveals that Plaintiff never argued to the trial court that his amendment motion should be heard first and failed to object to the court's hearing the Rule

VENTRIGLIA v. DEESE

[194 N.C. App. 344 (2008)]

12(b)(6) motion first. Indeed, Plaintiff never made a clear request for any ruling on his motion, even when asked directly by the trial court whether there were other matters to be considered. Consequently, we conclude that Plaintiff failed to preserve this issue for appellate review.

The hearing on pretrial motions was conducted on 4 February 2008. Defendants informed the trial court that they had filed motions for dismissal under Rule 12(b)(6) and Rule 41(b). Plaintiff then told the judge that Defendants had opposed his motion to amend, and asked the court not to consider certain evidentiary materials that, Defendants had submitted in opposition to the amendment motion. The Defendants assured the court that as they were "going forward with the 12(b)(6)" the challenged evidence would not be introduced, and that this evidence would be pertinent only "if we get to the motion to amend." (T p 6-9) Plaintiff failed to ask that the court rule on his motion prior to the Rule 12(b)(6) motion. Defendants then argued to the court that the allegations of Plaintiff's complaint all referenced acts alleged to have been taken outside the relevant statute of limitations.

After the Defendants had presented their arguments, the trial court asked if Plaintiff wanted to argue the Rule 12(b)(6) motion. Plaintiff disputed the Defendants' interpretation of certain precedent, but did not ask for a ruling on the amendment motion. Defendants responded:

> So, your Honor we think that the contentions of the plaintiff are hinged upon allegations that just aren't in this complaint. And the complaint as drafted and as your Honor finds it today is barred by the statute of limitations, because it alleges acts which occurred more than three years before the suit was filed. (T p 40)

This argument put the content of Plaintiff's complaint squarely at issue, but Plaintiff still did not seek a ruling on his amendment motion. Instead, he returned to various legal arguments, before stating:

> One other matter, your Honor. I hate to raise this, but I'm going to raise it anyway. I do believe if the Court is going to consider the argument that the specific allegation of what the attorney might have done is not in this complaint, and that for that reason 12(b)(6) ought to be granted, if that is going to form the basis of it, I would ask, then, that the Court, in fact, consider the amended complaint. . . .

Defendants then pointed out to the court that "[t]here is no amended complaint. This is simply a motion to amend. . . . and we have serious objections to it[.]" (T p 46) Plaintiff did not ask the Court to rule on his motion to amend. Indeed, when the trial court asked before the morning recess whether there were any remaining matters to be considered, Plaintiff said, "No, your Honor, I think we've covered all bases."

That afternoon, the court conducted a hearing on Defendants' motion to dismiss Plaintiff's claim under Rule 41(b), for failure to prosecute. At the close of this hearing, the parties and the trial court engaged in the following dialogue:

THE COURT: All right, sir, thank you. Anything else for me to decide?

DEFENSE COUNSEL: No, sir.

THE COURT: Did you say you had a motion to amend?

PLAINTIFF'S COUNSEL: There is a motion to amend, your Honor.

THE COURT: Why don't we hold that in abeyance and let me look at—I've got enough to deal with.

PLAINTIFF'S COUNSEL: I understand.

THE COURT: At this stage, that would confuse me. The rulings that I would make now wouldn't have anything to do with that.

PLAINTIFF'S COUNSEL: I appreciate that, your Honor.

. . . .

PLAINTIFF'S COUNSEL: The only thing, your Honor, just to remind the Court, this is something I've already apprised the Court of, and that is if ultimately there is some question about the 12(b)(6) and it's relevant to a particular allegation not being present in the original complaint, under those circumstances I would ask the Court to delay ruling on the 12(b)(6) until the motion to amend the complaint has been heard. Does that make sense, your Honor?

THE COURT: Yeah, that does make sense.

DEFENSE COUNSEL: Your Honor, that's giving them the benefit of the motion, and I think the motion has been argued on the

complaint as it exists, and I would ask the Court to rule on it as it exists. . . .

. . . .

THE COURT: All right. I am in a quandry about the appropriateness of hearing the motion to amend at this stage.

PLAINTIFF'S COUNSEL: If I may, your Honor, I don't want to complicate things. I am—it would be my argument that the complaint as it stands is adequate to sustain—you know, to go forward, and for the 12(b)(6) motion to be denied. I'm only giving that one—what I consider to be a very small possibility that there is—based on noticed pleadings, I don't think it's necessary. But I suspect that there may be some possibility the Court would have some question and want to look at that amended complaint, in which case I think it would be appropriate for the Court to hear that motion before. But I don't think it's necessary. My opinion is that the original complaint is satisfactory.

In sum, Plaintiff argued that his complaint did not need amendment to withstand Defendants' Rule 12(b)(6) motion, and neither argued to the trial court that it was required to hear his amendment motion first, nor sought a ruling on this issue.

N.C.R. App. P. 10(b)(1) provides in pertinent part that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." We conclude that Plaintiff failed to comply with Rule 10, and thus did not preserve for appellate review the question of the trial court's duty to rule on his amendment motion before ruling on Defendants' dismissal motion.

---

[2] Plaintiff argues next that the court erred by dismissing his complaint under Rule 12(b)(6) for failure to state a claim for relief. We disagree.

Defendants' motion to dismiss asserted that Plaintiff's complaint was barred by the statute of limitations.

A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim. Once a defendant raises a statute of limitations defense, the burden of showing that

the action was instituted within the prescribed period is on the plaintiff. A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired.

*Horton v. Carolina Medicorp*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996); citing *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994); and *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985).

Plaintiff asserts that in his complaint he alleged acts of malpractice "which occurred at the pre-trial, trial, and post-trial phases of the case[.]" (Dfn Br p. 16) We disagree, and conclude that, as argued by Defendants, the complaint "shows upon its face that the action was commenced more than three (3) years from the last alleged act of the Defendants giving rise to the claim." (R p 22)

"A legal malpractice action is subject to a three-year statute of limitations. N.C.G.S. § 1-15(c) [(2007)]." (citing *Garrett v. Winfree*, 120 N.C. App. 689, 692, 463 S.E.2d 411, 414 (1995)) N.C. Gen. Stat. § 1-15(c) (2007) provides in pertinent part that:

> . . . [A] cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action

Count I of Plaintiff's complaint alleges the following areas of negligence by Defendants: (1) Defendants did not challenge the validity of the prenuptial agreement; (2) Defendants urged Plaintiff to sign the pretrial stipulation without fully explaining the significance of the stipulation; (3) Defendants failed to conduct adequate pretrial discovery, and; (4) Defendants failed to present adequate evidence at trial. The complaint thus asserts that Defendants were negligent in the choice of trial strategy regarding the prenuptial agreement, their response to the pretrial stipulation, and their conduct of discovery and of the presentation of evidence. These are acts or omissions that necessarily occurred before or during trial. It is undisputed that the trial ended in August 2003 and that Plaintiff's complaint was not filed until January 2007, more than three years later. Therefore, Count I of Plaintiff's claim was barred by the statute of limitations.

[3] In Count II, Plaintiff alleges that Defendants were negligent for failing to challenge the validity of the prenuptial agreement on appeal. As discussed above, N.C.R. App. P. 10 requires that "to pre-

HUFFMAN v. MOORE CTY.

[194 N.C. App. 352 (2008)]

serve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." It is undisputed that Defendants did not challenge the prenuptial agreement at trial, and thus were precluded from raising it as an appellate issue by the North Carolina Rules of Appellate Procedure. Therefore, Plaintiff essentially alleges only that Defendants adhered to the applicable rules of court, which does not constitute legal malpractice.

We conclude that Plaintiff's claim was barred by the three year statute of limitations. Accordingly, we do not reach the issue of Defendants' dismissal motion under Rule 41. The trial court's order is

Affirmed.

Judges WYNN and BRYANT concur.