An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1138
NORTH CAROLINA COURT OF APPEALS

Filed:  3 June 2014

SANDRA MARIE JOHNSON,
    Plaintiff,

v.                                    Guilford County
                                      No. 13 CVS 6142

McNAIRY & ASSOCIATES,
JIM & JEANNE LLC,
JIM & JEANNE McNAIRY,
    Defendants.


Appeal by plaintiff from order entered 7 August 2013 by Judge Richard Doughton in Guilford County Superior Court.  Heard in the Court of Appeals 6 February 2014.

> *Sandra Marie Johnson, pro se, for plaintiff-appellant.*

> *Tuggle Duggins, PA, by Denis E. Jacobson, for defendants-appellees.*

DAVIS, Judge.

Sandra Marie Johnson ("Plaintiff") appeals from an order granting the motion to dismiss of Defendants McNairy & Associates, Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy (collectively "Defendants") pursuant to Rules 12(b)(1) and (6)

of the North Carolina Rules of Civil Procedure. After careful review, we affirm.

**Factual Background**

We have summarized the pertinent facts below using Plaintiff's own statements from her complaint, which we treat as true in reviewing the trial court's order dismissing her complaint under Rule 12(b)(6). *See, e.g.*, *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006) ("When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true.").

From August 2009 until 3 September 2010, Plaintiff was an employee of McNairy & Associates, where she worked as an administrative assistant. On 15 July 2010, one of the appraisers working in the office, Tim Johnson ("Mr. Johnson"), made a series of racist and derogatory comments to Plaintiff concerning her boyfriend. Specifically, Mr. Johnson (1) called Plaintiff's boyfriend "a wet back [sic]"; (2) referred to Plaintiff's boyfriend "as a filthy disgusting low life"; and (3) told Plaintiff "that she amounts to nothing, that her life is a big fat zero because of her choices." Mr. Johnson yelled these statements across the room for the entire office to hear.

On 21 July 2010, Plaintiff told Doris Holt ("Ms. Holt"), the office manager, that she was contemplating filing a charge against Mr. Johnson with the Equal Employment Opportunity

Commission ("EEOC"). Ms. Holt relayed this information to Jeanne McNairy, one of the co-owners of McNairy & Associates.

Plaintiff subsequently began to feel as though she was being ignored by Jim McNairy, the other co-owner of McNairy & Associates. On 19 August 2010, Plaintiff received a negative performance review from Laura Rich ("Ms. Rich") and Nancy Tritt. Several days after the performance review was conducted, Plaintiff was told in confidence by an unidentified individual that during a meeting Jim McNairy had instructed the appraisers working for McNairy & Associates to "give [her] some task or criticism and report back to him if [she] was unpleasant or resistant." On 3 September 2010, Plaintiff was fired by Ms. Rich, who was acting on Jim McNairy's instructions, on the ground that the appraisers had lost confidence in her ability to do her job.

On 1 March 2011, Plaintiff filed a charge of discrimination with the EEOC against McNairy & Associates in which she alleged a violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The EEOC investigated Plaintiff's charge and, according to Plaintiff, issued her a right-to-sue letter.[1]

Plaintiff subsequently filed a *pro se* action against

---

[1] There is nothing in the record — outside of Plaintiff's assertion in her complaint — that indicates the EEOC actually issued her a right-to-sue letter.

Defendants in the United States District Court for the Middle District of North Carolina, alleging that her discharge was in violation of Title VII and 42 U.S.C. § 1981 ("§ 1981") and also constituted a wrongful discharge in violation of public policy under North Carolina law. On 6 June 2012, the federal district court entered an order (1) dismissing with prejudice Plaintiff's Title VII claim against McNairy & Associates as well as her § 1981 claims against all Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on her failure to state a claim upon which relief could be granted; (2) dismissing without prejudice Plaintiff's Title VII claims against Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and (3) declining to exercise supplemental jurisdiction over Plaintiff's wrongful discharge claims arising under North Carolina law and, therefore, dismissing those claims without prejudice. Plaintiff appealed the order to the United States Court of Appeals for the Fourth Circuit, but her appeal was dismissed. *Johnson v. McNairy & Assocs.*, 489 F. App'x 731 (4th Cir. 2012).

On 4 June 2013, Plaintiff filed a *pro se* complaint in Guilford County Superior Court against the same Defendants asserting the same claims for relief that she had raised in her federal lawsuit based on the same factual events. Defendants

moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 7 August 2013, the trial court entered an order (1) dismissing Plaintiff's Title VII claims against Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy with prejudice pursuant to Rule 12(b)(1); and (2) dismissing all of Plaintiff's claims with prejudice pursuant to Rule 12(b)(6). Plaintiff filed a timely notice of appeal to this Court.

**Analysis**

**I. Applicability of *Res Judicata* as to Claim Under Title VII Against Defendant McNairy & Associates and as to § 1981 Claims Against All Defendants**

"The doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) are companion doctrines which have been developed by the Courts for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." *Williams v. Peabody*, 217 N.C. App. 1, 5, 719 S.E.2d 88, 92 (2011) (citation and quotation marks omitted).

> In order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.

*Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84, 609 S.E.2d 259, 262 (2005).

Under North Carolina law, *res judicata* is an affirmative defense, and, as a result, must ordinarily be asserted in a responsive pleading. *See* N.C.R. Civ. P. 8(c). A review of the record in this case reveals that Defendants filed only a Rule 12(b)(6) motion to dismiss and did not file an answer. Nevertheless, "[i]f the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed." *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970).

In her complaint filed in Guilford County Superior Court, Plaintiff acknowledged that she was refiling her entire federal complaint in state court. She also stated that she was attaching to her complaint "[t]he Federal Court docket including dates of filings . . ." It is not entirely clear whether the federal court's order was contained among the attachments to the complaint. However, that order is contained in the record on appeal in this case. Moreover, Plaintiff's appellate brief freely acknowledges the dismissal of her federal lawsuit. Therefore, we deem it appropriate to consider the federal court's order for purposes of determining the applicability of *res judicata*.

"Whether the doctrine of *res judicata* operates to bar a cause of action is a question of law reviewed *de novo* on appeal." *Mount Ulla Historical Pres. Soc'y, Inc. v. Rowan County*, ___ N.C. App. ___, ___, 754 S.E.2d 237, 240 (2014) (citation, quotation marks, and brackets omitted). In the present case, there is no question as to the second and third elements of *res judicata* being fully established. It is apparent on the face of the complaint that both the parties and the claims presented are identical. Indeed, by Plaintiff's own admission, she simply refiled in Guilford County Superior Court the same complaint naming the same Defendants that she filed in federal court.

With regard to the first element, it is undisputed that the federal court's order dismissed with prejudice Plaintiff's Title VII claim as to Defendant McNairy & Associates as well as her § 1981 claims against all Defendants. Therefore, because there was a final decision on the merits as to these claims, the first element of *res judicata* — like the second and third elements — is satisfied as to them. *See Riviere v. Riviere*, 134 N.C. App. 302, 306, 517 S.E.2d 673, 676 (1999) (holding that dismissal with prejudice indicates disposition on merits precluding subsequent litigation). Consequently, the doctrine of *res judicata* serves to bar these claims and as such they were properly dismissed by the trial court.

As to Plaintiff's remaining claims, however, the federal court's order specifically dismissed *without prejudice* Plaintiff's Title VII claims against Defendants Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy as well as the claims based upon North Carolina law. Accordingly, *res judicata* does not apply to those claims. *See Estate of Means v. Scott Elec. Co.*, 207 N.C. App. 713, 718, 701 S.E.2d 294, 298 (2010) (recognizing that dismissals operate as adjudication on merits unless trial court specifies dismissal is without prejudice).

## II. Title VII Claims Against Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy

The trial court ruled that it did not have subject matter jurisdiction over the Title VII claims against Defendants Jim & Jeanne LLC, Jim McNairy, or Jeanne McNairy and, therefore, ruled that these claims were subject to dismissal pursuant to Rule 12(b)(1). North Carolina Rule of Civil Procedure 12(b)(1) allows for the dismissal of a claim when a court lacks subject matter jurisdiction. N.C.R. Civ. P. 12(b)(1). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

Defendants Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy argue that the trial court lacked subject matter jurisdiction over Plaintiff's Title VII claims against them

because Plaintiff failed to exhaust her administrative remedies in connection with these claims. "In order to have a viable claim under Title VII, a plaintiff must exhaust available administrative remedies, file a claim with the Equal Employment Opportunity Commission (EEOC) in a timely fashion, obtain a right to sue letter from the EEOC, and bring suit within 90 days of the letter." *Paquette v. Cty. of Durham*, 155 N.C. App. 415, 419, 573 S.E.2d 715, 718 (2002), *disc. review denied*, 357 N.C. 165, 580 S.E.2d 695 (2003). This Court has held that "[w]here a plaintiff has failed to exhaust its administrative remedies, its action brought in the trial court may be dismissed for lack of subject matter jurisdiction." *Vanwijk v. Prof'l Nursing Servs., Inc.*, 213 N.C. App. 407, 410, 713 S.E.2d 766, 768 (2011).

"[R]eceipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995). In the present case, Plaintiff's complaint alleges that she received a right-to-sue letter from the EEOC and that the letter was submitted by her to the federal court. She further alleges that she has exhausted all of her administrative remedies. Therefore, we believe the trial court was premature in dismissing her Title VII claims pursuant to Rule 12(b)(1).

However, the trial court also dismissed the Title VII

claims against these Defendants for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Accordingly, we must next determine whether dismissal under that ground was appropriate.

On appeal, we review a motion to dismiss based on Rule 12(b)(6) *de novo*. *Ventriglia v. Deese*, 194 N.C. App. 344, 347, 669 S.E.2d 817, 819 (2008). We must determine whether "the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013) (citation and quotation marks omitted).

We conclude that Plaintiff's Title VII claims against these remaining Defendants are barred by the doctrine of collateral estoppel and, as a result, were properly dismissed by the trial court.

> The elements of collateral estoppel, as stated by our Supreme Court, are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined.

*Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 678, 657 S.E.2d 55, 61 (citation omitted), *disc. review denied*, 362 N.C. 679, 669 S.E.2d 741 (2008). "Whether the doctrine of collateral estoppel is applicable and bars a specific claim or issue is a question

of law subject to *de novo* review." *Powers v. Tatum*, 196 N.C. App. 639, 642, 676 S.E.2d 89, 92, *disc. review denied*, 363 N.C. 583, 681 S.E.2d 784 (2009).

> An issue is actually litigated, for purposes of collateral estoppel or issue preclusion, if it is properly raised in the pleadings or otherwise submitted for determination and is in fact determined. A very close examination of matters actually litigated must be made in order to determine if the underlying issues are in fact identical; if they are not identical, then the doctrine of collateral estoppel does not apply.

*Williams*, 217 N.C. App. at 6, 719 S.E.2d at 93 (internal citations, quotation marks, and brackets omitted).

In the present case, we are satisfied that the elements of collateral estoppel have all been met. The issues before the trial court were identical to those before the federal district court given that — as noted above — Plaintiff simply refiled her original complaint in Guilford County Superior Court. The federal district court conducted a thorough analysis of whether Plaintiff's allegations were sufficient to state a claim under Title VII. The federal court ultimately concluded that

> the complaint's allegations of the statements made by a coworker on a single occasion — which Plaintiff acknowledges is the complete content of the alleged incident — fail to satisfy the requirement that her belief be objectively reasonable. That is, such statements could not, as a matter of law, have constituted such severe or pervasive conduct as to constitute a hostile work environment under [Title VII].

This adjudication by the federal court of the Title VII claim against McNairy & Associates is sufficient to trigger the application of collateral estoppel because the Title VII claims against Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy are based on the identical set of facts found by the federal court to be insufficient to state a claim under Title VII. Therefore, based on the application of collateral estoppel, we conclude that the trial court properly dismissed Plaintiff's Title VII claims against Defendants Jim & Jeanne LLC, Jim McNairy, and Jeanne McNairy pursuant to Rule 12(b)(6).

## III. Wrongful Discharge Claims Against All Defendants

Finally, Plaintiff asserts claims against all Defendants for wrongful discharge in violation of North Carolina public policy.

> In North Carolina, employment is generally terminable by either the employer or employee for any reason where no contract exists specifying a definite period of employment. This is a bright-line rule with very limited exceptions. An at-will employee may not be terminated: (1) for refusing to violate the law at the employers [sic] request, (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy.

*McDonnell v. Tradewind Airlines, Inc.*, 194 N.C. App. 674, 677, 670 S.E.2d 302, 305 (internal citations and quotation marks omitted), *disc. review denied*, 363 N.C. 128, 675 S.E.2d 657

(2009).

"To prevail on a claim for unlawful termination in violation of public policy a plaintiff must identify a specified North Carolina public policy that was violated by an employer in discharging the employee."  *Id*. at 677-78, 670 S.E.2d at 305. Therefore, while notice pleading is generally sufficient to state a claim, our case law requires that wrongful discharge claims be pled with specificity.  *Gillis v. Montgomery Cty. Sheriff's Dep't*, 191 N.C. App. 377, 379, 663 S.E.2d 447, 449, *appeal dismissed and disc. review denied*, 362 N.C. 508, 668 S.E.2d 26 (2008).  To meet this specificity requirement, a plaintiff must allege "specific conduct by a defendant that violated a specific expression of North Carolina public policy." *Considine v. Compass Grp. USA, Inc.*, 145 N.C. App. 314, 321-22, 551 S.E.2d 179, 184, *aff'd per curiam*, 354 N.C. 568, 557 S.E.2d 528 (2001).

Plaintiff has failed to allege that Defendants' conduct violated any specific expression of North Carolina public policy.  Accordingly, the trial court properly dismissed Plaintiff's wrongful discharge claims pursuant to Rule 12(b)(6).

**Conclusion**

For the reasons stated above, the trial court's order is affirmed.

AFFIRMED.

Judges CALABRIA and STROUD concur.

Report per Rule 30(e).