An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-322

NORTH CAROLINA COURT OF APPEALS

Filed:  3 March 2015


JOHNNY L. STOUTAMIRE,
     Plaintiff

v.                                    Mecklenburg County
                                      No. 12 CVS 942
DANIEL BAILEY, in his individual
and official capacity as Sheriff
of Mecklenburg County, and OHIO
CASUALTY INSURANCE COMPANY,
     Defendants


Appeal by plaintiff from order entered 18 September 2013 by Judge Hugh B. Lewis in Mecklenburg County Superior Court.  Heard in the Court of Appeals 10 September 2014.


*Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III and Harvey L. Kennedy, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge and Rice, LLP, by Sean F. Perrin, for defendant-appellees.*


CALABRIA, Judge.


Johnny L. Stoutamire ("plaintiff") appeals from an order granting summary judgment in an action for wrongful discharge in favor of Daniel Bailey ("Sheriff Bailey") and Ohio Casualty Insurance Company (collectively, "defendants").  We affirm.

## I. Background

Beginning in October 1981, plaintiff was employed with the Mecklenburg County Sheriff's Office ("MCSO"). According to plaintiff, during his 28-year tenure, he received several outstanding evaluations and certificates of commendation. Plaintiff was promoted to sergeant in 2006. During 2007 and 2008, plaintiff complained to upper management at the MCSO about the policies regarding the drug tax seizure book and disposal of arrestees' clothing determined to be a biohazard risk. Specifically, according to plaintiff, the tax seizure book was often inaccurate and outdated, and the arrestees' clothing, often soiled with bodily fluids, was being destroyed without the arrestees' consent.

On 21 March 2009, plaintiff was assigned as the sergeant in charge of the Arrest Processing C shift from 7 p.m. to 7 a.m. As sergeant of this shift, plaintiff was responsible for ensuring the safety of the arrestees and monitoring deputy sheriffs to ensure that proper procedures were followed pertaining to arrestees. Katherine Jackson ("Jackson") was the captain on duty. Vincent Denicola ("Denicola") and Nicholas Kittles ("Kittles") were working as deputy sheriffs during this shift, among others.

During the early morning hours of the shift, Odell Lilly ("Lilly") was arrested for being intoxicated and disruptive, and

detained by the MCSO. Lilly continued his disruptive behavior while officers attempted to process him, and he attempted to strike plaintiff. Plaintiff and other MCSO deputies on that shift restrained Lilly in handcuffs, and Lilly was placed in a holding cell so he would calm down, along with another detainee, around 2:57 a.m. At approximately 3:43 a.m., Lilly kicked the holding cell door, slipped, and fell. A few minutes later, plaintiff and Kittles entered Lilly's cell, and found Lilly on the floor of the holding cell. Lilly was examined by a nurse at 5:40 a.m. After plaintiff's shift ended, sometime after 7:00 a.m., Lilly received medical attention for a broken arm.

On 16 April 2009, a Chain of Command review hearing was conducted regarding the events surrounding Lilly's detention. As a result of the hearing, Sheriff Bailey terminated plaintiff's employment for failure to render medical aid in a timely fashion to Lilly while he was in custody. Jackson, Denicola, and Kittles were also terminated by the same chain of command review board as a result of the incident.

Plaintiff filed a complaint on 17 January 2012, alleging, *inter alia*, that Sheriff Bailey wrongfully discharged plaintiff in violation of public policy by retaliating against plaintiff for his complaints regarding the drug tax seizure book and destruction of arrestee clothing. Defendants filed an answer on 11 April 2012

and alleged as affirmative defenses, *inter alia*, that plaintiff had failed to state a claim upon which relief could be granted and that there were legitimate and lawful reasons for Sheriff Bailey's actions.

On 17 July 2013, defendants filed a motion for summary judgment. After a hearing, the trial court entered an order on 18 September 2013 granting defendants' motion for summary judgment and dismissing the complaint. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred by (1) exceeding its authority in entering summary judgment in favor of defendants; and (2) in granting defendants' motion for summary judgment since genuine issues of material fact existed regarding his wrongful discharge claim.

## II. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted). "A 'genuine issue' is one that can be maintained by substantial evidence." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted).

## III. Findings and Evidence

As an initial matter, plaintiff argues that the trial court exceeded its authority in entering summary judgment in favor of defendants. Specifically, plaintiff contends that the trial court erred by making nineteen findings of fact and by ordering the parties to produce videotapes of the Lilly incident.

A. Findings of Fact

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013).

> We note that ordinarily, findings of fact and conclusions of law are not required in the determination of a motion for summary judgment, and if these are made, they are disregarded on appeal. However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment.

*Carmichael v. Lively*, ___ N.C. App. ___, ___, 762 S.E.2d 283, 287 (2014) (citations and quotation marks omitted).

In the instant case, the trial court made nineteen findings of fact regarding the Lilly incident and the Chain of Command review hearing. Plaintiff argues that the trial court, in doing so, ignored all of his evidence. However, plaintiff fails to identify any findings that were not supported by either plaintiff's

or Sheriff Bailey's evidence. The trial court's findings clarify the court's reasoning for granting summary judgment by setting forth the undisputed facts as well as the conclusion of law regarding the reason for plaintiff's termination. Therefore, the trial court did not err in making its findings. This argument is overruled.

B. Videotapes

Plaintiff also contends that the trial court erred by ordering the parties to produce videotapes illustrating the Lilly incident. At the summary judgment hearing, the court addressed the issue of the videotapes:

> THE COURT: There was a discussion earlier relating to the videotape or CD relating to the events within the cell?
>
> [Defense attorney]: Yes, sir.
>
> THE COURT: The Plaintiff indicated that they objected to me viewing that; however the Court feels compelled to view that before it makes its decision. Is that on a CD-ROM?
>
> . . .
>
> [Plaintiff's attorney]: Your Honor, there's a dispute about the tape because the tape that they gave us a copy of, and Mr. Stoutamire has looked at it, he says that is not the complete tape. He has his own tape and a copy of the tape that he says is accurate, which is much longer than the Defendant's[.]
>
> . . .

[Defense attorney]: And I can, we can use their tape. That's fine.

THE COURT: I want a copy of your tapes, then. . . . both tapes can be delivered to my office the first of next week. I'll reserve on this matter until I've taken a look at the tapes.

[Defense attorney]: Yes, sir, thank you.

[Plaintiff's attorney]: Okay, thank you, Your Honor.

Despite plaintiff providing what he stated was an "accurate" copy of the videotape to the trial court, plaintiff now claims that the trial court's viewing of the videotapes was erroneous because the tapes were unauthenticated. However, because plaintiff failed to raise any objection at the hearing regarding the authenticity of the videotapes, plaintiff has failed to preserve the issue for appellate review. *See* N.C.R. App. P. 10(a)(1) (2013) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). Additionally, since plaintiff failed to raise an objection to the authenticity of the tapes before the trial court, he cannot raise it on appeal. *See* *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("[T]he law does not permit parties to swap horses between courts in order

to get a better mount" on appeal.).  Therefore, this argument is without merit.

## IV. Summary Judgment

Plaintiff argues that the trial court erred in entering summary judgment in favor of defendants because he contends he was discharged in retaliation for reporting to upper management that the MCSO had engaged in illegal activity, and therefore he established a *prima facie* cause of action for wrongful discharge. We disagree.

A sheriff has "the exclusive right to hire, discharge, and supervise the employees in his office."  N.C. Gen. Stat. § 153A-103 (2013).  "[P]ersonnel shall supervise prisoners closely enough to maintain safe custody and control and to be at all times informed of the prisoners' general health and emergency medical needs."  N.C. Gen. Stat. § 153A-224(a) (2013).  "When an employee has no definite term of employment, he is an employee at will and may be discharged without reason."  *Gillis v. Montgomery Cty. Sheriff's Dep't*, 191 N.C. App. 377, 379, 663 S.E.2d 447, 449 (2008) (citation omitted).  "The discharge of an employee at will generally does not support an action for wrongful discharge in this state."  *Id*. at 380, 663 S.E.2d at 449.  However, the Supreme Court of North Carolina created a public policy exception to the

at-will employment doctrine in *Coman v. Thomas Mfg. Co., Inc.*, 325 N.C. 172, 381 S.E.2d 445 (1989).

In the instant case, it is undisputed that plaintiff was an at-will employee. However, plaintiff contends that Sheriff Bailey terminated his employment in violation of public policy, and therefore his case falls within the exception. In his complaint, plaintiff alleged Sheriff Bailey terminated his employment in retaliation for his complaints regarding the drug tax seizure book and disposal of arrestee clothing, which plaintiff claimed was "illegal" activity.

Plaintiff relies on *Combs v. City Elec. Supply Co.*, 203 N.C. App. 75, 690 S.E.2d 719 (2010), to support his argument. In *Combs*, the plaintiff was employed as an accounts receivable manager with the defendant. *Id*. at 77, 690 S.E.2d at 721. In February 2003, the plaintiff met with the head supervisor of his office to complain about a company policy that he believed amounted to larceny and obtaining money by false pretenses from the defendant's customers. *Id*. After the meeting, the plaintiff believed he was treated differently and that the head supervisor was "trying to get rid of [him]." *Id*. Three months later, the plaintiff received an unsatisfactory rating on a written job performance review prepared by the head supervisor, and his salary was reduced by $2,000. *Id*. at 78, 690 S.E.2d at 722. In July 2003, five months

after the plaintiff complained about the company policy, he was terminated from his employment. *Id.* In the plaintiff's exit interview, he was told that he failed to prepare the monthly bank reconciliation report in a timely manner and failed to submit the sales tax report correctly to the Department of Revenue. *Id*. The plaintiff filed an action for wrongful discharge and supported his claim by providing evidence regarding specific customer accounts, as well as documentation of the account balances. *Id*. at 81-83, 690 S.E.2d at 723-24. This Court held that because the plaintiff's wrongful discharge claim was based upon his termination in retaliation for reporting that the defendant obtained money from customers by false pretenses, his claim fell within "the very narrow public policy exception to the at-will employment doctrine." *Id*. at 83, 690 S.E.2d at 725. Plaintiff's case is distinguishable.

In *Combs*, the plaintiff provided specific evidence of illegal activity, received an unsatisfactory job performance rating and reduction in salary, and was terminated within months of making his complaints. Plaintiff in the instant case, however, was unable to provide specific evidence of illegal activity, received exemplary job performance ratings, and was terminated more than a year after his complaints. At plaintiff's deposition, he was asked whether he had heard of any circumstances where arrestees were not

reimbursed or otherwise had money improperly taken from them. Plaintiff responded that he had "hear[d] a lot of stuff that goes on when an arrestee has been through the system . . . [j]ust in lingo, I've heard some arrestees before say, from just knowing them on the street, they've taken some money from me and I've never received the money back."  Plaintiff was unable to identify any arrestees or deputies who were involved with the alleged illegal activity.

Plaintiff alleged in his complaint and affidavit that he was "blocked" from receiving awards, commendations, and a promotion in retaliation for his complaints, yet plaintiff was unable to provide more detail than a vague change in Sheriff Bailey's demeanor:

> I could pretty much go to his office and we could talk about anything at any time.  Nobody stopped, nobody screamed, nobody did anything. Once I started kind of bringing out certain things over in arrest processing, you know, it was never – we didn't have the same – I wouldn't say closeness, but we didn't have the same open door policy.  It just didn't happen.

Plaintiff also received the highest rating of "exemplary" in four out of five categories and "successful" in the fifth category of his six-month performance evaluation from 1 July 2008 to 1 January 2009.  More importantly, this evaluation was after the time period that plaintiff cites as the time that he complained to upper management, but he was not terminated until after the Chain of

Command review of the Lilly incident in April 2009, more than one year after his complaints.

Although plaintiff contends that the Lilly incident was simply a pretext for his termination, Sheriff Bailey testified in his deposition that plaintiff was terminated for failing to provide Lilly with medical aid in a timely manner. Since Lilly was not examined by a nurse until approximately two hours after he fell and was injured, Sheriff Bailey was justified in terminating plaintiff as a result of the Lilly incident. *See* N.C. Gen. Stat. § 153A-224(a) (2013). Therefore, plaintiff is unable to connect his allegations of retaliation to his termination. "[T]here must be something more before us than mere speculation that an employee was fired for an improper purpose." *Salter v. E & J Healthcare, Inc.*, 155 N.C. App. 685, 694-95, 575 S.E.2d 46, 52 (2003). Plaintiff's vague statements provide mere speculation, with no evidence beyond his own statements to support the alleged retaliation. Therefore, there are no genuine issues of material fact, and defendants are entitled to judgment as a matter of law.

## V. Conclusion

The trial court did not err in making findings to clarify the court's reasoning for granting summary judgment by setting forth the undisputed facts and reason for plaintiff's termination. Additionally, plaintiff failed to preserve the issue regarding the

videotapes for appellate review when he failed to object to the authenticity of the tape. Finally, there were no genuine issues of material fact regarding the Lilly incident, and plaintiff failed to provide substantial evidence to connect his allegations of retaliation to his termination. Sheriff Bailey was justified in terminating plaintiff for his failure to properly supervise Lilly while he was in plaintiff's care as the Arrest Processing shift sergeant. Therefore, the trial court did not err in granting summary judgment in defendants' favor, and we affirm the order of the trial court.

Affirmed.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).